IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
AT COVINGTON

| | |
|---|---|
| **JASON LAIBLE, ET AL.,**<br><br>Plaintiffs,<br><br>-vs-<br><br>**TIMOTHY LANTER, ET AL.,**<br><br>Defendants. | Case No. 2:21-cv-00102<br><br>Judge David L. Bunning<br><br>Magistrate Judge Candace J. Smith |

**PLAINTIFFS' MOTION FOR REMAND TO STATE COURT
AND OPPOSITION TO DEFENDANT CITY OF CINCINNATI'S AND DEFENDANT OFFICERS'
MOTION FOR EXTENSION OF TIME**

Pursuant to 28 U.S.C. § 1447(c), Plaintiffs respectfully move this Court to immediately remand the case to state court based on the lack of subject matter jurisdiction. The Defendant Officers' removal of the case to federal court was defective, this Court has no jurisdiction, and remand to state court is necessary and appropriate. Additionally, because this Court lacks jurisdiction, it has no authority to grant the motion for extension of time filed by Defendant City of Cincinnati and Defendant Officers. (Doc. 7, Motion for Extension of Time). Therefore, Plaintiffs respectfully request that this Court remand the case to state court and deny the motion for extension as moot.

**MEMORANDUM**

I. **Factual and Procedural History**

This case arises out of the tragic events of August 7, 2020, when Defendant Officers, employed by Defendant City of Cincinnati, initiated a reckless and dangerous high-speed chase in

pursuit of Defendant Mason Meyer. Defendant Officers' high-speed pursuit of Meyer continued for approximately seven minutes, through urban and congested streets, crossing the state line from Ohio to Kentucky, and causing at least one interstate crash before finally concluding only when Meyer's vehicle careened into the sidewalk of a busy café, killing Raymond and Gayle Laible and seriously injuring Steven and Maribeth Klein.

Plaintiffs filed a complaint against Defendants on the basis of these events in the Campbell County Circuit Court on August 4, 2021. (Doc. 1-1, Complaint, PageID#10-33). This complaint raised Kentucky state law claims, including personal injury, wrongful death, negligence in supervision and training, negligent entrustment, and uninsured/underinsured motorist coverage. (*Id.*). There was no federal question jurisdiction on the basis of this complaint. However, on August 26, 2021, Defendants Lanter, Thomas, and Scalf removed the case to federal court, on the basis of 28 U.S.C. § 1442(a)(1). (Doc. 1, Removal, PageID#4). This statute allows federal officials to remove cases against them to federal court. The Defendant Officers, local police officers employed by Defendant City of Cincinnati, asserted that they were federal employees and were immune under the Federal Tort Claims Act. (*Id.*). Plaintiffs now ask the Court to remand the case.

## II. Law and Argument

### A. Removal Framework and Procedures

To qualify for removal under § 1442, a federal officer "must both raise a colorable federal defense and establish that the suit is for a[n] act under color of [federal] office." *Jefferson County v. Acker*, 527 U.S. 423, 431 (1999). Here, Plaintiffs contest Defendants' claims that these officers were federal officials for purposes of the statute and that the suit is for an act under color of federal office. (Doc. 1, Removal, PageID#4). However, it is not necessary to determine whether or not

2

Defendant Officers were federal officials acting under color of federal law because they do not have a colorable federal defense.

While removal based on federal-question jurisdiction ordinarily requires that the federal question appear on the face of the complaint, and even anticipated or actual federal defenses do not qualify a case for removal, "[s]uits against federal officers are exceptional in this regard." *Jefferson County*, 527 U.S. at 431. Under the federal officer removal statute, "suits against federal officers may be removed despite the nonfederal cast of the complaint" and "the federal-question element is met if the defense depends on federal law." *Id*.

Defendant Officers assert that their federal defense is based on 28 U.S.C. § 2679. That provision, known as the Westfall Act, does not directly provide federal employees immunity, but rather provides that claims against the federal government for money damages, a remedy provided by Section 1346 (the Federal Tort Claims Act), are "exclusive of any other civil action" and suits against the employee whose act gave rise to the claim are precluded if they were acting in the scope of their employment. In cases where the United States is not already a defendant, 28 U.S.C. § 2679(d) provides the process for certifying that a defendant employee was acting within the scope of his office or employment at the time of the incident. Once the employee is so certified, the United States is substituted as the party defendant, and if the claim was commenced in state court, the action is removed to federal court. 28 U.S.C. § 2679(d)(1)-(2).

### B. Removal Is Defective in Uncertified Cases

Defendant Officers argue that they have a federal defense to Plaintiffs' claims based on 28 U.S.C. § 2679. (Doc. 1, Removal, PageID#4). Defendant officers are mistaken: the Westfall Act "gives the named defendant **no right to remove an uncertified case**." *Osborn v. Haley*, 549 U.S. 225, 252 fn. 17 (2007) (emphasis added).

The mere fact that the Defendant officers believe that they "*would* be entitled to immunity under the FTCA" is insufficient to establish a colorable federal defense in the absence of certification because "that immunity does not exist absent certification by the Attorney General or by a court pursuant to 28 U.S.C. § 2679(d)(3)." *Dold-Apger v. Friends of San Pedro River, Inc.*, No. 11–397, 2012 WL 2952413, *3 (D. Ariz. July 19, 2012) (remanding claim to state court because defendants failed to satisfy colorable federal defense requirement in absence of certification) (emphasis added). However, Defendant Officers have **not** been certified by the Attorney General as having been federal employees acting within the scope of their employment at the time of Plaintiffs' allegations, and, "[a]bsent certification, § 2679(d)(3) directs that the case must be remanded to the state court in which the action commenced." *Osborn,* 549 U.S. at 241-242, see also *Vardeventer v. Guimond*, 494 F.Supp.2d 1255, 1268 (D. Kansas 2007).

The "removing defendant bears the burden to show federal jurisdiction." *Warthman v. Genoa Township Bd. of Trustees*, 549 F.3d 1055, 1063 (6th Cir. 2008). Because Defendant Officers have not been certified by the Attorney General pursuant to 28 U.S.C. § 2679(d)(3), they do not have a colorable federal defense (regardless of whether or not they were federal officials acting with federal authority). Thus, Defendants' removal of the case to federal court was defective. Without a federal defense, this Court lacks subject matter jurisdiction over this case and the case must be immediately remanded to state court. As a result, this Court lacks the authority to rule on the City Defendants' motion for an extension.

## Conclusion

Plaintiffs respectfully request that the motion be granted and the case be remanded to state court. Plaintiffs also respectfully request that City Defendants' motion for an extension be denied as moot.

Respectfully Submitted,

/s/ Alphonse A. Gerhardstein
Alphonse A. Gerhardstein (OH 0032053)
Jacqueline Greene (OH 0092733)
   (Pro hac vice motion forthcoming)
Rebecca P. Salley (OH 0097269)
   (Pro hac vice motion forthcoming)
FRIEDMAN, GILBERT + GERHARDSTEIN
441 Vine Street, Suite 3400
Cincinnati, Ohio 45202
T: 513-572-4200
F: 216-621-0427
jacqueline@FGGfirm.com
al@FGGfirm.com
rebecca@FGGfirm.com

*Counsel for the Estates of Raymond and Gayle Laible*

/s/ Roula Allouch
J. Stephen Smith (KBA #86612)
Roula Allouch (KBA #91594)
GRAYDON HEAD & RITCHEY LLP
2400 Chamber Center Drive, Suite 300
Ft. Mitchell, KY 41017
T: 513-629-2805
F: 513-333-4358
ssmith@graydon.law
rallouch@graydon.law

*Counsel for Steven and Maribeth Klein*

**CERTIFICATE OF SERVICE**

     I hereby certify that on September 2, 2021, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all registered parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                      /s/ Alphonse A. Gerhardstein
                                      Alphonse A. Gerhardstein
                                      *One of the Attorneys for Plaintiffs*