## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
## COVINGTON

| | | |
|---|---|---|
| JASON LAIBLE, *et al.*, | : | Case No. 2:21-cv-00102 |
| | : | |
| **Plaintiffs** | : | Judge David L. Bunning |
| | : | Magistrate Judge Candace J. Smith |
| | : | |
| | : | |
| v. | : | **DEFENDANTS TIMOTHY LANTER,** |
| | : | **BRETT THOMAS, AND DONALD** |
| TIMOTHY LANTER, *et al.*, | : | **SCALF'S RESPONSE IN** |
| | : | **OPPOSITION TO PLAINTIFFS'** |
| **Defendants.** | : | **MOTION TO REMAND** |

This Court should deny Plaintiffs' Motion to Remand. Defendants removed this case under 28 U.S.C. § 1442(a)(1). (Doc. 1, Notice of Removal, PageID# 1.) Plaintiffs try to conflate removal under that statute—the federal officer removal statute—with removal under the Westfall Act, 28 U.S.C. § 2679. But a federal officer's power to remove a suit under Section 1442 is different from the Attorney General's power to remove a suit under Section 2679. *See, e.g.*, *Osborn v. Haley*, 549 U.S. 225, 250 (2007) (noting the different removal powers); *Jamison v. Wiley*, 14 F.3d 222, 238 (4th Cir. 1994) (same). Indeed, "the right of removal under § 1442(a)(1) is **made absolute** whenever a suit in a state court is for any act 'under color' of federal office, regardless of whether the suit could originally have been brought in a federal court." *Willingham v. Morgan*, 395 U.S. 402, 406 (1969) (emphasis added). This case is a quintessential example of a removable case under the federal officer removal statute.

Defendants Timothy Lanter, Brett Thomas, and Donald Scalf ("Officers") satisfy all three elements to remove this case under the federal officer removal statute, making subject matter jurisdiction here proper. Plaintiffs do not dispute that the first two elements are met: the Officers were (1) federal officers (2) acting under the color of federal law during the events

described in their Complaint. Plaintiffs premise their Motion to Remand on the third element: whether the Officers raised a colorable federal defense.

The colorable federal defense requirement is a low bar, one the Officers far exceed. The Officers' primary federal defense—official immunity from state tort actions—is not simply a defense to the merits of Plaintiffs' claims; it immunizes the Officers from Plaintiffs' lawsuit *altogether*. And Supreme Court precedent underscores that official immunity is a colorable federal defense that warrants removal under the federal officer removal statute. The Officers are entitled to a federal forum to present that defense.

For removal, it makes no difference whether the Attorney General has certified that the Officers were acting in the scope of their federal employment during the events at issue in Plaintiffs' Complaint. The Westfall Act does not amend or replace the more general federal officer removal statute, nor does it preclude an individual defendant from removing under the federal officer removal statute and asserting official immunity as a federal defense. The Westfall Act simply provides a separate pathway to federal court. So long as a federal officer raises a colorable federal defense, such as official immunity, removal is proper regardless of whether the Attorney General has certified that the federal officer acted under the scope of his employment.

For these reasons, this Court should deny Plaintiffs' Motion to Remand.

## ARGUMENT

**I.     This case is removable under the federal officer removal statute**.

This case is removable under the federal officer removal statute, which permits removal of actions against "[t]he United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office." 28 U.S.C. § 1442(a)(1). To

remove an action under that statute, the defendant need only show that: (1) he is or acted under a federal officer; (2) his actions were performed under the color of federal law; and (3) he has a colorable federal defense. *See, e.g.*, *Mays v. City of Flint*, 871 F.3d 437, 442–43 (6th Cir. 2017). Only the third element is at issue in Plaintiffs' Motion.

### A. The Officers' official immunity defense is a colorable federal defense.

Defendants removed this case under 28 U.S.C. § 1442, not 28 U.S.C. § 2679. (Doc. 1, Notice of Removal, PageID# 1.) In their Notice of Removal, the Officers explained that they "have several federal defenses to Plaintiffs' claims, including federal-employee immunity under the Federal Tort Claims Act. *See* 28 U.S.C. § 2679." (*Id.* at PageID# 4.) Plaintiffs twist that broad statement into a suggestion that the Officers' only defense arises after the Attorney General certifies them as federal officers under the Westfall Act. That is not what the Officers said, and it is not the law.

Among other defenses, the Officers are entitled to official immunity under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671 *et seq.*[1] That is a colorable federal defense that warrants removal under the federal officer removal statute. The colorable federal defense requirement "erects a low bar and merely requires that the defendant's assertion is both 'defensive' and 'based in federal law.'" *In re Nat'l Prescription Opiate Litig.*, 327 F. Supp. 3d 1064, 1077 (N.D. Ohio 2018) (quoting *Mesa v. California*, 489 U.S. 121, 129–30 (1989)). The colorable federal defense that a removing party raises need only be "plausible," and the "district court is not required to determine its validity at the time of removal." *Bennett v. MIS Corp.*, 607

---

[1] The FTCA is the "exclusive remedy for the torts that" a federal employee allegedly committed within the scope of his employment and "shields the employee from personal liability." *Kellom v. Quinn*, __ F. App'x __, 2021 WL 4026789, at *2 (6th Cir. Sept. 3, 2021).

3

F.3d 1076, 1089 (6th Cir. 2010); *see also Jamison*, 14 F.3d at 238 (Federal officers "need not prove that [they] will actually prevail on [their] federal immunity defense in order to obtain removal.").

The Officers far exceed that low bar. Plaintiffs do not challenge that the Officers are federal officers; that the Officers acted under the color of federal law at all times described in the Complaint; or that they assert state law tort claims against the Officers. It therefore follows that the Officers may raise the defense of official immunity. *See, e.g.*, *United States v. Smith*, 499 U.S. 160, 166–67 (1991) (Federal law "establishes the absolute immunity for Government employees that the Court declined to recognize under the common law in *Westfall*."); *Burbage v. United States*, No. 1:10-cv-0209, 2010 WL 1132565, *1 (N.D. Ohio Mar. 18, 2010) ("The FTCA makes suit against the United States the exclusive remedy for common-law torts. Individual federal officers are immune from suit under the FTCA."); *Thomas v. U.S. Marshals Serv.*, No. 4:09-cv-1567, 2010 WL 149824, at *2 (N.D. Ohio Jan. 7, 2010) (same); *Lewis v. United States*, 388 F. Supp. 2d 190, 197 (S.D.N.Y. 2005) ("[F]ederal officers . . . are immune from state liability when acting within the scope of their employment."); *Williams v. City of Portsmouth*, 538 F. Supp. 74, 76 (E.D. Va. 1982) ("Federal officers, acting within the outer perimeters of their duty, are absolutely immune from state tort liability."). At this stage, this Court need not resolve whether the Officers are entitled to official immunity. The Officers need only show that their official immunity defense is *colorable*. *See, e.g.*, *Bennett*, 607 F.3d at 1089.

Official immunity is a colorable federal defense for the Officers. *See Willingham*, 395 U.S. at 406–07; *Jamison*, 14 F.3d at 238 ("These allegations were sufficient to give rise to a colorable claim of absolute immunity under the Westfall Act, the validity of which [the removing party] was entitled to have judged by federal standards in a federal district court.");

4

*Cratin v. Standiford*, No. 14-cv-03374, 2014 WL 5454691, at *2 (N.D. Cal. Oct. 27, 2014) ("Defendant has raised a 'colorable' federal defense of official immunity."); *Baker v. Hughes Aircraft Co.*, 795 F. Supp. 965, 969 (D. Ariz. 1992) ("Official immunity is a colorable federal defense."). In *Willingham*, for example, the petitioner sued several federal prison officials in state court, alleging state tort claims for injuries he suffered while imprisoned. 395 U.S. at 403. The federal prison officials removed the case on official immunity grounds, presenting a similar question that Plaintiffs raise here: whether an official immunity defense was enough to support removal under the federal officer removal statute. *Id.* The Supreme Court explained that under the federal officer removal statute, the right of removal "is made absolute whenever a suit in a state court is for any act 'under color' of federal office, regardless of whether the suit could originally have been brought in a federal court." *Id.* at 406. And the Supreme Court held that the federal officers' official immunity defense was a "colorable defense arising out of their duty to enforce federal law," warranting removal under 28 U.S.C. § 1442(a)(1). For that same reason, the Officers' official immunity defense is a colorable federal defense that warrants a federal forum.

  **B.** **Removal under the federal officer removal statute is distinct from removal under the Westfall Act**.

Removal under the federal officer removal statute is distinct from removal under the Westfall Act. A federal officer may remove an action under the federal officer removal statute—premised on the federal defense of official immunity—regardless whether the Attorney General has provided a certification under the Westfall Act. *Jamison*, 14 F.3d at 237. In *Jamison*, a federal employee was a named defendant to several state tort claims in a Virginia state court. *Id.* at 228. The federal government first certified that the defendant was acting within the scope of his employment and removed the action under *both* the federal officer removal statute and the

Westfall Act. *Id*. The federal government, however, later withdrew its certification, and the district court remanded the matter to state court because the federal government was no longer defending the federal employee. *Id.* at 229. On appeal, however, the Fourth Circuit reversed the district court, recognizing that the federal officer removal statute and the Westfall Act are "two separate and alternative removal statutes, both of which authorize removal of cases to federal court even though they could not have been brought there originally." *Id.* at 237. Thus, the federal employee was "entitled to have [his] action remain in federal court if removal jurisdiction existed under *either* of these two alternative provisions." *Id.* at 238. It made no difference that the federal government revoked its certification under the Westfall Act; subject matter jurisdiction *still existed* under the federal officer removal statute, premised on the federal employee's official immunity defense.

The case for removal is even stronger here. The Attorney General in *Jamison* revoked his certification that the federal employee was acting under the color of federal law, yet the Fourth Circuit still recognized that the federal employee's official immunity defense was a colorable federal defense. *Id.* at 239 n.17 ("[The] complaint sought to impose liability upon [the federal employee] under the common law of tort, and [the federal employee's] claim that he was immune from such liability under the Westfall Act was not frivolous."). But here, the Attorney General has not yet certified whether the Officers were acting under federal law, all the more reason to provide them with a federal forum to present that federal defense. *See Willingham*, 395 U.S. at 406–07 ("[O]ne of the most important reasons for removal is to have the validity of the [federal] defense of official immunity tried in a federal court.").

The Westfall Act neither amends nor replaces the federal officer removal statute, nor does it preclude the federal employee from independently removing the action under the federal

6

officer removal statute and claiming official immunity as a federal defense. *Jamison* clarifies this distinction. The Fourth Circuit remarked that there is "no evidence that the removal provision in the Westfall Act was intended to repeal by implication the availability of the general federal officer removal statute in cases where the officer is being sued under state tort law." *Jamison*, 14 F.3d at 238 n.16. Instead, the Westfall Act's removal provision complements the more general federal officer removal statute by "relieving an officer who can obtain a Justice Department scope certification from the obligation to show that he has a colorable federal defense in order to obtain removal." *Id.* Stated differently, under the Westfall Act, a federal officer need not even bother filing removal papers if the Attorney General has already certified that he acted under the scope of employment. But if the Attorney General has not provided a certification under the Westfall Act, the federal officer may still remove the action under the more general federal officer removal statute.

Still more courts have distinguished removal under the federal officer removal statute from removal under the Westfall Act. In *Farmer v. Louisiana Electronic & Financial Crimes Task Force*, the Fifth Circuit affirmed the trial court's dismissal of the plaintiffs' state and federal claims against a joint federal, state, and local task force. 553 F. App'x 386, 387 (5th Cir. 2014). Before receiving any Westfall Act certification from the Attorney General, the task force removed the action to federal court under the general federal officer removal statute and then moved to dismiss under the FTCA. *Id.* at 387–88, 389 n.5. The trial court granted the motion to dismiss, and the Fifth Circuit affirmed that decision. *Id.* at 389. *See also Mitchell v. Carlson*, 896 F.2d 128, 131–32 n.3 (5th Cir. 1990) (recognizing that 28 U.S.C. § 1442(a)(1) provides federal officers named as defendants in a state tort action with a right of removal "separate and apart from" that provided by the removal provision in the Westfall Act).

7

Finally, Plaintiffs' authority from the District of Arizona and the District of Kansas is unavailing. Plaintiffs cite two cases—*Dold-Apger v. Friends of San Pedro River, Inc.*, No. 11–397, 2012 WL 2952413, at *3 (D. Ariz. July 19, 2012), and *Vardeventer v. Guimond*, 494 F. Supp. 2d 1255, 1268 (D. Kan. 2007)—for the proposition that removal premised on official immunity and the Federal Tort Claims Act first requires Westfall Act certification by the Attorney General.[2] Put differently, Plaintiffs suggest that the removing party *must prove* that it is entitled to official immunity before removal is proper. But that non-binding rule conflicts with Sixth Circuit precedent, which underscores that the "district court is not required to determine [the] validity [of the federal defense] at the time of removal." *Bennett*, 607 F.3d at 1089. The federal defense need only be *plausible*, not proven, and the Officers far exceed that low bar.

Moreover, *Dold-Apger* is nothing like this case. *Dold-Apger* was about whether a volunteer group that organized horseback trail rides for the Bureau of Land Management ("BLM") was liable for injuries to a patron who fell from a horse. 2012 WL 2952413, at *1. The court found that the defendants could not meet any of the three prongs of the federal officer removal test. *Id.* at *4. The defendants did not show that they were acting under the direction or control of federal officers, or that the plaintiffs' injuries were caused by their following federal law. And most importantly, the defendants did not assert a federal defense. The defendants did "not cite any federal statute or regulation which would support a finding that Defendants were enforcing federal law." *Id.* at *3. Instead, the defendants relied on their agreement with BLM,

---

[2] Under the Westfall Act, once the Attorney General certifies that the federal employee was acting within the scope of his office or employment, "any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States … and the United States shall be substituted as the party defendant." 28 U.S.C. § 2679(d)(1).

8

which the court found "unpersuasive because the Agreement does not, in and of itself, provide a defense under federal law." *Id*.

*Vandeventer* is not on point, either. In that case, a private mechanic—who merely held a certification from the Federal Aviation Administration—tried to remove a wrongful death suit, filed by the representatives of two girls killed in a plane crash. *Vandeventer*, 494 F. Supp. 2d at 1256. The court found that the private mechanic was not acting under the color of federal law when he inspected the doomed aircraft, remarking that "participation in a highly regulated industry" does not make one a federal officer. *Id.* at 1267. So it followed that the private mechanic had no colorable federal defense, either. Because the private mechanic "was not acting under the FAA when he inspected and certified the aircraft in question," he could not claim official immunity or any other colorable federal defense. *Id.*[3]

Here, by contrast, deputized law enforcement officers were working with a federal law enforcement task force to enforce federal criminal laws, and apprehended a criminal who is now under indictment for violating those federal laws. (*See generally* Doc. 1, Notice of Removal.) The Officers can assert official immunity, unlike the volunteer horseback riders or the private mechanic.

---

[3] *Dold-Apger* relies exclusively on *Vandeventer* for the proposition that a defendant cannot assert official immunity until he is certified under the Westfall Act. *Dodd-Apger*, 2012 WL 2952413, at *3. And *Vandeventer* relies exclusively on *Osborn* for the proposition that the Westfall Act "gives the named defendant no right to remove an uncertified case." *Vandeventer*, 494 F. Supp. 2d at 1267 (quoting *Osborn*, 549 U.S. at 252 n.17). But the Westfall Act does not preclude a federal officer from removing an action under the general federal officer removal statute, a separate statute that also authorizes removal to federal court. *See, e.g.*, *Charles v. Inam*, 2001 WL 79900, at *2 (S.D.N.Y. Jan. 30, 2001).

## CONCLUSION

This case belongs in federal court. The Officers are federal officers, acting under the color of federal law, at all times relevant to the allegations in Plaintiffs' Complaint. And they raise a colorable federal defense—official immunity—against Plaintiffs' state law tort claims. Because the Officers satisfy all three elements of the federal officer removal statute, this Court should deny Plaintiffs' Motion to Remand.

Respectfully submitted,

*/s/ Chad R. Ziepfel*
Chad R. Ziepfel (93903)
Aaron M. Herzig (admitted *pro hac vice*)
Spencer S. Cowan (admitted *pro hac vice*)
TAFT STETTINIUS & HOLLISTER LLP
425 Walnut Street, Suite 1800
Cincinnati, OH 45202
Phone: (513) 381-2838
Fax: (513) 381-0205
cziepfel@taftlaw.com
aherzig@taftlaw.com
scowan@taftlaw.com

*Counsel for Defendants Timothy Lanter, Brett Thomas, Donald Scalf, and the City of Cincinnati*

## CERTIFICATE OF SERVICE

I hereby certify that on September 23, 2021, the foregoing was filed through the Court's CM/ECF system, which will serve notice of the filing on all counsel of record, and was served via regular mail upon the following:

Mason Meyer
Prisoner, Campbell County Detention Center
601 Central Avenue
Newport, KY 41071
*Defendant*

Austin Lagory
13718 Beaver Road
Union, KY 41091
*Defendant*

A courtesy copy of this filing has been provided by email to the following:

Tiffany K. Fleming
Assistant United States Attorney
United States Attorney's Office
Eastern District of Kentucky
260 W. Vine Street, Suite 300
Lexington, KY 40507-1612
Tiffany.Fleming@usdoj.gov

                                                  */s/ Chad R. Ziepfel*