## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
## COVINGTON

| | | |
|---|---|---|
| **JASON LAIBLE,** *et al.*, | : | **Case No. 2:21-cv-00102** |
| | : | |
| **Plaintiffs** | : | **Judge David L. Bunning** |
| | : | **Magistrate Judge Candace J. Smith** |
| | : | |
| | : | |
| **v.** | : | **DEFENDANTS CITY OF** |
| | : | **CINCINNATI, TIMOTHY LANTER,** |
| **TIMOTHY LANTER,** *et al.*, | : | **BRETT THOMAS, AND DONALD** |
| | : | **SCALF'S REPLY MEMORANDUM** |
| **Defendants.** | : | **IN SUPPORT OF THEIR MOTION** |
| | : | **TO STAY AND MOTION TO** |
| | : | **DISMISS** |

This Court should grant Defendants City of Cincinnati, Timothy Lanter, Brett Thomas, and Donald Scalf's (collectively, "City Defendants") Motion to Dismiss or, in the alternative, grant their Motion to Stay.[1]  Plaintiffs premise their opposition to both motions on alleged jurisdictional defects that do not exist.  As Lanter, Thomas, and Scalf (the "Officers") explain in their Response in Opposition to Plaintiffs' Motion to Remand, they are federal officers and acted under color of federal law at all times relevant to the allegations in Plaintiffs' Complaint.  (*See generally* R. 15, Resp. in Opp. to Mot. to Remand, PageID #180.)  And the Officers have a colorable federal defense: official immunity.  Thus, the Officers satisfy all three elements to

---

[1] Plaintiffs' Motion to Remand and Defendants' Motion to Dismiss and/or Stay are effectively cross-motions on the same issues—whether the Court has jurisdiction because the City Defendants are federal officers and therefore the United States is the proper defendant in this case.  For that reason, and to preserve judicial resources, the City Defendants provide a truncated version of their argument opposing the motion to remand.  R. 15, Resp. in Opp. to Mot. to Remand.

remove this action under the federal officer removal statute, 28 U.S.C. § 1442(a)(1), and this Court has subject matter jurisdiction over Plaintiffs' Complaint.

For the same reasons that this Court has subject matter jurisdiction, it should also dismiss Plaintiffs' Complaint for failure to state a claim or for failure to join the United States as a necessary party.  In short, Plaintiffs have asserted the wrong claims against the wrong parties. Under federal law, the Officers are immune to state tort liability (and Plaintiffs' *only claims* are state tort claims).  Instead, the Federal Tort Claims Act, 28 U.S.C. §§ 2671 *et seq.* ("FTCA") provides the exclusively remedy for torts that a federal employee allegedly committed within the scope of his employment and requires the plaintiff to name the United States as the defendant. As important, the FTCA shields the federal employee from personal liability—and for that reason, this Court should dismiss Plaintiffs' claims against the Officers.

Alternatively, this Court should stay this case until the United States has completed its review of Plaintiffs' Complaint and decided whether to certify any of the Officers under the Westfall Act, 28 U.S.C. § 2679.  If the United States has time to complete its review, all of the motions before the Court may be resolved without further action by the parties or the Court.  So to avoid further wasting of the Court's and parties' resources, the City Defendants request a stay until the Attorney General completes his review under the FTCA.

This Court should grant the City Defendants' Motion to Dismiss or, in the alternative, stay this case.

## ARGUMENT

### I.    **This Court has subject matter jurisdiction**.

This Court has subject matter jurisdiction over Plaintiffs' Complaint, for the reasons set forth in Defendants' Motion in Opposition to Remand.  (*See generally* R. 15, Resp. in Opp. to

Mot. to Remand, PageID #180.)  As the Officers explain in that motion, this case is removable under the federal officer removal statute, which permits removal of actions against "[t]he United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office."  28 U.S.C. § 1442(a)(1).  To remove an action under that statute, the defendant need only show that (1) he is or acted under a federal officer; (2) his actions were performed under the color of federal law; and (3) he has a colorable federal defense.

The Officers are federal officers, acting under the color of federal law.  And the Officers' official immunity defense is a colorable federal defense.  *See Willingham v. Morgan*, 395 U.S. 402, 406–07 (1969); *Jamison*, 14 F.3d *v. Wiley*, 14 F.3d 222, 238 (4th Cir. 1994) ("These allegations were sufficient to give rise to a colorable claim of absolute immunity under the Westfall Act, the validity of which [the removing party] was entitled to have judged by federal standards in a federal district court."); *Cratin v. Standiford*, No. 14-cv-03374, 2014 WL 5454691, at *2 (N.D. Cal. Oct. 27, 2014) ("Defendant has raised a 'colorable' federal defense of official immunity."); *Baker v. Hughes Aircraft Co.*, 795 F. Supp. 965, 969 (D. Ariz. 1992) ("Official immunity is a colorable federal defense.").

Plaintiffs try to conflate removal under the federal officer removal statute with removal under the Westfall Act.  But a federal officer's power to remove a suit under Section 1442 is distinct from removal under the Westfall Act.  A federal officer may remove an action under the federal officer removal statute—premised on the federal defense of official immunity— regardless of whether the Attorney General has provided a certification under the Westfall Act. *See Jamison*, 14 F.3d at 238 (Federal officers "need not prove that [they] will actually prevail on [their] federal immunity defense in order to obtain removal."); *Mitchell v. Carlson*, 896 F.2d

128, 131–32 n.3 (5th Cir. 1990) (recognizing that 28 U.S.C. § 1442(a)(1) provides federal

officers named as defendants in a state tort action with a right of removal "separate and apart

from" that provided by the removal provision in the Westfall Act).  Because Plaintiffs satisfy the

requirements of the general federal officer removal statute, this Court has subject matter

jurisdiction.

## II.      This Court should grant the Motion to Dismiss.

For the same reasons that this Court has subject matter jurisdiction, this Court should also

grant the City Defendants' Motion to Dismiss.  The Officers are federal officers, acted under the

color of federal law at all times relevant to the allegations, and have a colorable federal defense

to Plaintiffs' claims.  The FTCA authorizes suits against the government to recover damages:

> for injury or loss of property, or personal injury or death caused by the negligent or
> wrongful act or omission of any employee of the Government while acting within
> the scope of his office or employment, under the circumstances where the United
> States, if a private person, would be liable to the claimant in accordance with the
> law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1).  So if Plaintiffs have any tort claims, they must bring them under the

FTCA and against the federal government, not the individual Officers.

The FTCA is not simply a defense to Plaintiffs' state law tort claims; the FTCA shields

the Officers from suit altogether.  *See, e.g.*, *Kellom v. Quinn*, __ F. App'x __, 2021 WL 4026789,

at *2 (6th Cir. Sept. 3, 2021) (The FTCA "shields the employee from personal liability.");

*Burbage v. United States*, No. 1:10-cv-0209, 2010 WL 1132565, *1 (N.D. Ohio Mar. 18, 2010)

("The FTCA makes suit against the United States the exclusive remedy for common-law torts.

Individual federal officers are immune from suit under the FTCA."); *Thomas v. U.S. Marshals

Serv.*, No. 4:09-cv-1567, 2010 WL 149824, at *2 (N.D. Ohio Jan. 7, 2010) (same); *Lewis v.

United States*, 388 F. Supp. 2d 190, 197 (S.D.N.Y. 2005) ("[F]ederal officers . . . are immune

4

from state liability when acting within the scope of their employment."); *Williams v. City of Portsmouth*, 538 F. Supp. 74, 76 (E.D. Va. 1982) ("Federal officers, acting within the outer perimeters of their duty, are absolutely immune from state tort liability."). Thus, this Court should dismiss Plaintiffs' claims against the Officers.

### III.     Alternatively, this Court should stay this case until the United States intervenes.

Alternatively, because this Court has subject matter jurisdiction, it should stay these proceedings until the federal government completes its review of Plaintiffs' Complaint and determines whether the United States is the real party in interest for Plaintiffs' claims against the Officers. Certification under the Westfall Act will immediately and conclusively transform this lawsuit.[2]  For one, Plaintiffs' state tort claims will disappear, leaving the FTCA as their only remedy against the City Defendants. *See Folley v. Henderson*, 175 F. Supp. 2d 1007, 1014 (S.D. Ohio 2001) (The FTCA "provides the exclusive remedy for tort actions against the federal government, its agencies and employees."). And a certification will also change the parties. Under the FTCA, "the **United States is the only proper defendant** in a suit alleging negligence by a federal employee." *Allgeier v. United States*, 909 F.2d 869, 871 (6th Cir. 1990) (emphasis added). Temporarily staying this litigation does not prejudice Plaintiffs. A stay simply identifies the proper parties and claims at issue—and in doing so, preserves judicial resources and avoids unnecessary briefing.

---

[2] Once the Attorney General certifies that any Officer was acting within the scope of his employment when the claim arose, the action "shall be deemed to be an action or proceeding brought against the United States," and "the United States shall be substituted as the party defendant." 28 U.S.C. § 2679(d)(2). Regardless of whether the Attorney General provides that certification, however, the Officers may still raise official immunity as a defense to Plaintiffs' claims. *See, e.g.*, *Jamison*, 14 F.3d at 235 ("We must also reject, however, any suggestion that the Justice Department's withdrawal of certification itself conclusively resolves the scope-of-employment issue for purposes of Westfall Act substitution.").

**CONCLUSION**

For these reasons, this Court should grant the City Defendants' Motion to Dismiss or, in the Alternative, grant the City Defendants' Motion to Stay until the federal government completes its review of Plaintiffs' Complaint.

*/s/ Chad R. Ziepfel*
Chad R. Ziepfel (93903)
Aaron M. Herzig (*pro hac vice*)
Spencer S. Cowan (*pro hac vice*)
TAFT STETTINIUS & HOLLISTER LLP
425 Walnut Street, Suite 1800
Cincinnati, OH 45202
Phone: (513) 381-2838
Fax: (513) 381-0205
cziepfel@taftlaw.com
aherzig@taftlaw.com
scowan@taftlaw.com

*Counsel for Defendants Timothy Lanter, Brett Thomas, Donald Scalf, and the City of Cincinnati*

## CERTIFICATE OF SERVICE

I hereby certify that on September 30, 2021, the foregoing was filed through the Court's CM/ECF system, which will serve notice of the filing on all counsel of record, and was served via regular mail upon the following:

Mason Meyer
Prisoner, Campbell County Detention Center
601 Central Avenue
Newport, KY 41071
*Defendant*

Austin Lagory
13718 Beaver Road
Union, KY 41091
*Defendant*

A courtesy copy of this filing has been provided by email to the following:

Tiffany K. Fleming
Assistant United States Attorney
United States Attorney's Office
Eastern District of Kentucky
260 W. Vine Street, Suite 300
Lexington, KY 40507-1612
Tiffany.Fleming@usdoj.gov

*/s/ Chad R. Ziepfel*