**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
AT COVINGTON**

| | |
|---|---|
| **JASON LAIBLE, EXECUTOR OF THE ESTATES OF RAYMOND AND GAYLE LAIBLE,** ) ) | Case No. 2:21-cv-00102 |
| ) | Judge David L. Bunning |
| **and** ) ) | Magistrate Judge Candace J. Smith |
| **STEVEN KLEIN AND MARIBETH KLEIN,** ) ) | |
| *PLAINTIFFS* ) ) | **DEFENDANT TRAVELERS CASUALTY INSURANCE** |
| **VS.** ) ) | **COMPANY'S ANSWER TO PLAINTIFFS' FIRST** |
| **TIMOTHY LANTER,** *ET. AL.***,** ) ) | **AMENDED COMPLAINT** |
| *DEFENDANTS* ) | |

Comes the Defendant, Travelers Casualty Insurance Company, by and through counsel, and for its Answer to the Plaintiffs' First Amended Complaint, states as follows:

### FIRST DEFENSE

The First Amended Complaint is barred in whole or in part by the applicable statute of limitations.

### SECOND DEFENSE

The First Amended Complaint fails to state a claim upon which relief can be granted against this Defendant.

### THIRD DEFENSE

1. This Defendant lacks sufficient information to form a belief as to the truth of the allegations contained within paragraphs 1, 2, 3, 4, 5, 6, 8, 10, 11, 13, 14, 18, 19, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77,

1

78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 140, 141, 142, 143, 144, 145, 146, 147, 148, 149, 150, 152, 153, 154, 155, 156, 157, 158, 159, 161, 162, 163, 164, 165, 166, 167, 168, 169, 170, 171, 172, 174, and 175 of the Plaintiffs' First Amended Complaint and therefore denies the same.

2. This Defendant admits the allegations contained within paragraphs 7, 9, 15, and 173 of the Plaintiffs' First Amended Complaint.

3. This Defendant states that paragraphs 12, 16, 17, 20, 151, and 160 of the Plaintiffs' First Amended Complaint call for legal conclusions. To the extent that a response is required, this Defendant lacks sufficient information to form a belief as to the truth of the allegations contained within said paragraphs and therefore denies the same.

3. This Defendant states that paragraph 176 of the Plaintiffs' First Amended Complaint is a prayer for relief that calls for a legal conclusion. This Defendant states the existence and the coverage amounts of any of the other Defendants' liability insurance is not known at this time and therefore it is not known whether Plaintiffs Steve Klein and Maribeth Klein are entitled to any benefits under the policy issued by this Defendant. Therefore, to the extent a response is required, this Defendant denies the allegations and prayer for relief contained therein.

4. Each and every allegation not specifically addressed herein is denied.

## **FOURTH DEFENSE**

This Defendant states that if the Plaintiffs were damaged as alleged, which is specifically denied, that said damages were the sole and proximate result of the contributory negligence on the part of the Plaintiffs, or one of them, and this Defendant specifically pleads and relies upon said

contributory negligence as a complete or comparative bar to the Plaintiffs' recovery herein.

**FIFTH DEFENSE**

This Defendant states that if the Plaintiffs were damaged as alleged, which is specifically denied, that said damages were the sole and proximate result of the negligence or intentional actions on the part of a third-party or third-parties, unknown at this time, over which this Defendant had no control, liability, or responsibility for, and this Defendant specifically pleads third-party negligence and intentional acts as a complete or comparative bar to the Plaintiffs' recovery.

**SIXTH DEFENSE**

This Defendant states that if the Plaintiffs were damaged as alleged, which is specifically denied, that said damages were the sole and proximate result of an Act of God, or of a superseding, intervening act, by person or persons over which this Defendant had no liability or responsibility for and this Defendant pleads and relies upon same as a complete or comparative bar to Plaintiffs' recovery herein.

**SEVENTH DEFENSE**

The Plaintiffs' claims are barred in whole or in part to the extent they failed to mitigate the claimed damages.

**EIGHTH DEFENSE**

The Plaintiffs' claims are barred in whole or in part to the extent they have received any recovery from a collateral source.

**NINTH DEFENSE**

This Defendant specifically pleads and relies upon each and every term and provision of the Kentucky Motor Vehicle Reparations Act, KRS Chapter 304.39 *et seq.*, as a complete or comparative bar to the Plaintiffs' claims.

**TENTH DEFENSE**

This Defendant specifically pleads and relies upon each and every term and provision of the insurance policy referenced in the First Amended Complaint as a complete and/or partial bar to Plaintiffs' claims.

**ELEVENTH DEFENSE**

This Defendant specifically pleads and relies upon each and every term and/or provision of all applicable policies of insurance, including but not limited to the policy issued by this Defendant, as a complete and/or partial bar to Plaintiffs' claims.

**TWELFTH DEFENSE**

This Defendant specifically pleads and relies upon each and every term and provision of KRS 304.20-020 *et seq.*, as a complete or comparative bar to the Plaintiffs' claims.

**THIRTEENTH DEFENSE**

This Defendant specifically relies upon the affirmative defenses of collateral estoppel and res judicata as a complete and/or partial bar to Plaintiffs' recovery herein.

**FOURTEENTH DEFENSE**

This Defendant specifically relies upon those affirmative defenses found in Fed. R. Civ. Pro. 8(c)(1) which may be applicable based upon the evidence produced in this matter. Further, this Defendant reserves the right to supplement and/or amend its Answer to include additional affirmative defenses as necessitated by the evidence discovered throughout the course of this litigation.

WHEREFORE, this Defendant, Travelers Casualty Insurance Company, respectfully requests the Plaintiffs' First Amended Complaint be dismissed with prejudice, for the Plaintiffs to take nothing therefrom, for a trial by jury, for all costs incurred including reasonable attorneys'

fees, and for any and all other relief to which it may appear entitled.

                                           Respectfully submitted,

                                           CASEY BAILEY & MAINES, PLLC
                                           3151 Beaumont Centre Circle, Ste. 200
                                           Lexington, Kentucky   40513
                                           Telephone: (859) 243-0228
                                           Facsimile:  (859) 243-0528
                                           Email: mcasey@cbmlaw.net

By:   /s/*Michael P. Casey*_____
       MICHAEL P. CASEY
       *Counsel for Travelers Casualty Insurance Company*

## CERTIFICATE OF SERVICE

This is to certify that the foregoing was electronically filed with the Clerk of the U.S. District Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record, and was served via regular mail upon the following on this the 1st day of May, 2024:

Mason Meyer
No. 199699-001
Butler County Jail
705 Hanover Street
Hamilton, OH 45011
*Defendant*

Austin Lagory
13718 Beaver Road
Union, KY 41091
*Defendant*

                                           /s/*Michael P. Casey* _____
                                           MICHAEL P. CASEY