UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

CIVIL ACTION NO. 21-102-DLB-CJS

JASON LAIBLE, et al.                                                                      PLAINTIFFS

v.                                    **MEMORANDUM ORDER**

TIMOTHY LANTER, et al.                                                                DEFENDANTS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This matter is before the Court upon the United States' Motion to Dismiss (Doc. # 96) and Plaintiffs' Motion to Drop the United States as a Party (Doc. # 98). Upon filing of the latter Motion, the Court requested the parties file a response as to (1) whether they oppose Plaintiffs' Motion to Drop and (2) whether remand to the Campbell Circuit Court is required if the United States is dropped as a party. (Doc. # 99). The Parties filed their Responses as instructed. (Docs. # 100, 101, and 102). The Motions are now ripe for review.

No party opposes the Motion to Drop nor does any party believe remand is required. The United States' Response consists of two statements: first, that it does not oppose Plaintiff's Motion to Drop, and second, that assuming it is dismissed as a party, the United States does not have an opinion as to the appropriate venue for this matter. (Doc. # 101). Plaintiffs and the remaining Defendants briefed the subject matter jurisdiction issue in full and agree that remand would not be proper. (Docs. # 100, 102). For the following reasons, the Court accepts the parties' arguments in support of continued subject matter jurisdiction in this Court.

1

**I.     BACKGROUND**

This case was initially removed to this Court by Defendants Scalf, Lanter, Thomas, and the City of Cincinnati pursuant to 28 U.S.C. § 1442(a)(1), which provides that any lawsuit directed against any officer of the United States "for or relating to any act under color of such office" may be removed to federal court. (*See* Doc. #1). Soon after, Plaintiff filed a Motion to Remand this case back to state court. (Doc. # 8). Defendants Scalf, Lanter, and Thomas also filed a petition for Westfall Act Certification. (Doc. # 34). The Court addressed the Motion to Remand and Petition for Westfall Act Certification in its June 3, 2022 Memorandum Opinion and Order. (Doc. # 64).

In the Memorandum Opinion and Order, the Court denied the Motion to Remand, concluding that Defendant Scalf was a federal officer acting under color of federal office during the incident at issue, and therefore removal was proper under § 1442(a)(1). (Doc. # 64 at 11). Further, the Court concluded that no Defendant qualified for immunity under the Westfall Act and denied certification. (Doc. # 64 at 44).

Defendants appealed this decision to the Sixth Circuit Court of Appeals. (Doc. # 65). The Sixth Circuit reversed the decision of this Court in part, vacated the decision in part, and remanded the case to this Court for further proceedings. (Doc. # 87). In relevant part, the Sixth Circuit concluded that Defendant Scalf was a federal employee acting within the scope of his federal employment at the time of the incident. (Doc. # 87-1 at 11). Therefore, he was entitled to immunity under the Westfall Act and the United States was substituted for him in this litigation. (*Id.*).

Now on remand, the United States has filed a Motion to Dismiss all allegations against it. (Doc. # 96). Rather than file a Response to this Motion, Plaintiffs filed a Motion

to Drop the United States as a Party entirely. (Doc. # 99). The United States, obviously, does not oppose this Motion. (Doc. # 101). However, the question that remains for the Court is whether this Court continues to have subject matter jurisdiction over this case if the United States is dropped as a party, since at the time of removal Defendant Scalf, who the United States replaced, was the sole party that conferred removal jurisdiction under § 1442(a)(1).

## II. ANALYSIS

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). They "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006). Generally, when a case is removed to federal court, remand is proper "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). However, "the removal right created by Sections 1442 and 1442a is not restricted by many of the limitations on removal—either statutory or judicial—that apply to cases brought into the federal system under the general removal statute, Section 1441." Wright & Miller, 14C *Fed. Prac. & Proc. Juris.* § 3726 (Rev. 4th ed. 2024).

The federal officer removal statute, 28 U.S.C. § 1442, confers subject matter jurisdiction where the defendant asserts a "colorable" federal defense at the time of removal. *Bennett v. MIS Corp.*, 607 F.3d 1076, 1084 (6th Cir. 2010) (citing *Mesa v. California*, 489 U.S. 121, 129 (1989)). The primary purpose of this statute is to allow federal officers to have such defenses litigated in federal court. *Id.* (citing *Willingham v. Morgan*, 395 U.S. 402, 406-07 (1969)). This Court concluded that at the time of removal,

3

Defendant Scalf had sufficiently asserted a colorable federal defense by invoking Westfall immunity, even if it was uncertified at the time. (Doc. # 64 at 28). Removal jurisdiction on this basis allowed the Court to exercise supplemental jurisdiction over Scalf's co-defendants. *See Goins v. Saint Elizabeth Med. Ctr., Inc.*, No. 22-6070, 2024 WL 229568, at *4 (6th Cir. Jan. 22, 2024) (citing 28 U.S.C. § 1367(a); *Mesa*, 489 U.S. at 136).

The United States replaced Defendant Scalf in this litigation pursuant to the Sixth Circuit decision. (*See* Doc. # 87). If the United States is dropped, no federal officers will remain in the case. Nor would there otherwise exist federal question jurisdiction because the claims arise out of state law, or diversity jurisdiction because the parties are not diverse. This raises the question of whether the Court continues to have subject matter over the case.

The Sixth Circuit Court of Appeals has answered the question of whether subject matter jurisdiction continues if the federal defense is ultimately rejected in the affirmative. *See Bennett*, 607 F.3d at 1084. However, the Sixth Circuit has not clearly discussed the scenario where the party that conferred subject matter jurisdiction is dropped completely. At most, the Sixth Circuit states in a footnote that: "the jurisdiction of the federal courts over a properly removed action will not be defeated by later developments in the suit." *Bennett v. MIS Corp.*, 607 F.3d 1076, 1091 n. 13 (6th Cir. 2010) (quoting *Jamison v. Wiley*, 14 F.3d 222, 239 (4th Cir. 1994) (quoting 14C Charles Alan Wright, et al., *Federal Practice & Procedure* § 3739 (4th ed.2009)).

Other courts have more directly addressed the scenario presented here. In *IMFC Pro. Servs. of Fla., Inc. v. Latin Am. Home Health, Inc.*, the Fifth Circuit Court of Appeals held that once the government agency that conferred removal jurisdiction under § 1442

4

was dropped from the case, the district court retained jurisdiction over the action. 676 F.2d 152, 158 (5th Cir. 1982). The court based this decision on its analysis that § 1442 "creates a species of ancillary jurisdiction over the nonfederal elements of the case" and because "[i]n other instances of ancillary jurisdiction elimination of the 'principal' controversy in a case does not deprive the court of power to dispose of the ancillary matters even though the court would not have had jurisdiction over these matters but for ancillarity [sic]." *Id.* at 158–59. The Fifth Circuit further concluded that the district court has the "discretion to remand from the nature of the ancillary jurisdiction created by § 1442(a)(1)." *Id.* at 160. The Second Circuit Court of Appeals more recently reached a similar conclusion. *Parker v. Della Rocco*, 252 F.3d 663, 666 (2d Cir. 2001) (concluding that the district court had the discretion to exercise supplemental jurisdiction over the case even after the United States agency that provided the basis for § 1442 jurisdiction had been dropped).

The Court finds this analysis compelling. The Sixth Circuit, albeit in an unpublished opinion, has stated that "[p]roper removal under § 1442 grants the district court a form of 'arising under'" or federal question, subject matter jurisdiction. *See Goins v. Saint Elizabeth Med. Ctr., Inc.*, No. 22-6070, 2024 WL 229568, at *3 (6th Cir. Jan. 22, 2024) (quoting *Mesa*, 489 U.S. at 136). This "represents an exception to the well-pleaded complaint rule in the removal context." Wright & Miller, *supra*, at 3. And when a case arises under federal law, district courts have supplemental jurisdiction over other closely related claims. *See* 28 U.S.C. § 1367(a). The supplemental jurisdiction statute states that "[t]he district courts *may* decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has

original jurisdiction." § 1367(c)(3) (emphasis added). This confirms that a district court continues to have jurisdiction over claims that it had supplemental jurisdiction over even if the claim over which it had original jurisdiction is dismissed and that a court may exercise discretion in its decision to remand.

"It has consistently been recognized that pendent jurisdiction is a doctrine of discretion." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). In exercising this discretion, the Court considers "judicial economy, convenience and fairness to litigants." *Id.* Here, given that neither party has advocated for remand and this case has a long history in federal court, the Court will exercise its discretion to retain subject matter jurisdiction over the case.

Defendants additionally argue that the Court retains subject matter jurisdiction pursuant to the Westfall Act. (Doc. # 102 at 1-2) (citing *Osborn v. Haley*, 549 U.S. 225, 244 (2007); *De Martinez v. Lamagno*, 515 U.S. 417, 435 (1995)). However, *Osborn*, and its derivative cases that Defendants cite for the proposition that remand is "prohibit[ed]", involved cases where the Defendants had received Westfall Act certification prior to removal. The Supreme Court reasoned that remand in certified cases is prohibited because removal is required in those cases. *See Osborn*, 549 U.S. at 242-43 (citing 28 U.S.C. § 2679(d)(2) ("Upon certification by the Attorney General" the claim "*shall* be removed. . . ") (emphasis added)). Conversely, when certification is sought by a petition to the court, as it was here, removal is discretionary. § 2679(d)(3) (the claim "*may* be removed") (emphasis added). Here, because removal jurisdiction was conferred by §

6

1442(a)(1), not by the separate Westfall Act removal provision, the Court limits its conclusion to a finding of jurisdiction under § 1442.[1]

That being said, the Court considers dicta in *Osborn* alongside the discretionary language in § 2679(d)(3) as further support for the conclusion that it should retain jurisdiction in this case. *Osborn*, 549 U.S. at 245 (citing *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350–351 (1988)). In *Osborn*, the Supreme Court explained that where a "significant federal question" such as whether a defendant has Westfall Act immunity is "raised at the outset" of a case, as it was here, that case would "arise under" federal law. *Id.* at 244-45 (citations omitted). Therefore, "[e]ven if only state-law claims remained after resolution of the federal question, the District Court would have discretion, consistent with Article III, to retain jurisdiction." *Id.* at 245.

### III. CONCLUSION

For all the reasons stated above, the Court is satisfied that it retains subject matter jurisdiction over this action. Accordingly,

**IT IS ORDERED** that:

(1) Plaintiffs' unopposed Motion to Drop the United States as a Party is **GRANTED** and the Motion to Stay is **DENIED AS MOOT** (Doc. # 98);

(2) The United States' Motion to Dismiss (Doc. # 96) is **DENIED AS MOOT**.

This 12th day of July, 2024.



Signed By:
David L. Bunning
United States District Judge

G:\Judge-DLB\DATA\ORDERS\Cov2021\21-102 Order re DE 96, 98.docx

---

[1] The Court previously concluded that "*Osborn* does not apply to removals under § 1442," (Doc. # 64 at 24), and the Court reiterates that now.

7