**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON**

| | | |
|---|---|---|
| **JASON LAIBLE,** *et al.*, | : | Case No.: 2:21-cv-00102 |
| Plaintiffs, | : | Judge David L. Bunning |
| v. | : | Magistrate Judge Candace J. Smith |
| **TIMOTHY LANTER,** *et al.*, | : | |
| Defendants. | : | |

**REVISED AGREED PROTECTIVE ORDER**

The parties to this Protective Order have agreed to the terms of this Order; accordingly, it is **ORDERED:**

1. **Scope.** Subject to Federal Rule of Civil Procedure 26(c), all materials produced or adduced in the course of discovery, including initial disclosures, responses to discovery requests, deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning Confidential Information as defined below. This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2. **Confidential Information.** As used in this Order, "Confidential Information" means information designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER" by the designating party. This Order defines Confidential Information as:

    (a)  information identified in Federal Rule of Civil Procedure 5.2;

    (b)  medical or psychiatric information;

    (c)  any documents that disclose investigative techniques and procedures whose

disclosure would impair or interfere with investigations or the ability of law enforcements to effectively carryout their duties ;

   (d) any information the designating party asserts in good faith is Confidential Information.

  **3. Designation.**

   (a) **Designating Material As Confidential:** Any party, or any third party subpoenaed by one of the parties, may designate as Confidential and subject to this Protective Order any documents, testimony, written responses, or other materials produced in this case if they contain information that the designating party asserts in good faith is Confidential Information. The designation of materials as Confidential pursuant to the terms of this Protective Order does not mean that the document or other material has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.

   (b) **Designating Material As Attorneys' Eyes Only.** Any party, or any third party subpoenaed by one of the parties, may designate as Attorneys' Eyes Only and subject to this Protective Order any materials or information that meet the test set forth in Paragraph 3.a, but as to which the designating party also asserts in good faith that the information discloses investigative techniques and procedures whose disclosure would impair or interfere with investigations or the ability of law enforcements to effectively carryout their duties or is information that the designating party asserts in good faith should be designated as Attorneys' Eyes Only.

   (c) A party may designate a document as Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL –

SUBJECT TO PROTECTIVE ORDER" or "ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER" on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information. The marking "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER" may be applied prior to or at the time the documents are produced or disclosed or may be applied by the designating party by serving a Notice of Designation to all parties of record identifying the specific portions of the documents that are designated Confidential Information. Any copies that are made of any documents marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER" shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.

(b)  The designation of a document as Confidential Information is a certification by an attorney that the document contains Confidential Information as defined in this order.

4.  **Deposition Testimony.**

Deposition testimony will be deemed to contain Confidential Information only if designated as such when the deposition is taken or within fourteen (14) days after receipt of the deposition transcript. Such designation must be specific as to the portions of the transcript and/or any exhibits that contain Confidential Information. Within thirty (30) days of receipt of the deposition transcript, a designating party may serve a Notice of Designation to all parties of record

3

identifying the specific portions of the transcript that are designated Confidential Information, and thereafter those portions identified in the Notice of Designation shall be protected under the terms of this Order.

     **5.**     **Protection of Confidential Material.**

     (a)     General Protections. Confidential Information shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in subparagraphs (b) and (c) for any purpose whatsoever other than in this litigation, including any appeal thereof.

     (b)     Persons To Whom Confidential Information Marked "Confidential" May Be Disclosed. Use of any information, documents, or portions of documents marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," including all information derived therefrom, shall be restricted solely to the following persons who agree to be bound by the terms of this Protective Order, unless additional persons are stipulated by counsel or authorized by the Court:

     (1)     Counsel. Counsel for the parties and employees of counsel who have responsibility for the action;

     (2)     In-house Counsel. In-house counsel for the parties, and the administrative staff for each inhouse counsel;

     (3)     Parties. Individual parties and employees of a party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed. No individual party or employee of a party may retain a copy of the confidential information, rather, the party or employee of a party may review the confidential information in the presence of counsel for the party or an employee of counsel for the party who has responsibility for the action;

    (4)  Court Reporters and Recorders. Court reporters and recorders engaged for depositions;

    (5)  Contractors. Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

    (6)  Consultants and Experts. Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action;

    (7)  Witnesses at depositions. During their depositions, witnesses in this action to whom disclosure is reasonably necessary.

    (8)  Author or recipient. The author or recipient of the document (not including a person who received the document in the course of litigation); and

    (9)  Others by Consent. Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

    (c)  Persons To Whom Confidential Information Marked "Attorneys' Eyes Only" May Be Disclosed. Use of any information, documents, or portions of documents marked "ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER," including all information derived therefrom, shall be restricted solely to the following persons who agree to be bound by the terms of this Protective Order, unless additional persons are stipulated by counsel or authorized by the Court:

    (1)  Counsel. Counsel for the parties and employees of counsel who have responsibility for the action;

    (2)  In-house Counsel. In-house counsel for the parties;

    (3)  Court Reporters and Recorders. Court reporters and recorders

5

engaged for depositions;

(4) **Contractors.** Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

(5) **Consultants and Experts.** Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action;

(6) **Author or recipient.** The author or recipient of the document (not including a person who received the document in the course of litigation); and

(7) **Others by Consent.** Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

6. **Inadvertent Failure to Designate.** An inadvertent failure to designate a document as Confidential Information does not, standing alone, waive the right to so designate the document. If a party designates a document as Confidential Information after it was initially produced by Notice of Designation, the receiving party must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Information.

7. **Filing of Confidential Information.** In the event a party seeks to publicly file with the Court any document that has been designated by another party as " CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or  "ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER," that party must take appropriate action to ensure that the document

receives proper protection from public disclosure, including filing a redacted document with the consent of the party who designated the document as confidential.

When a party to this Order seeks to publicly file documents or information which has been designated by another party as Confidential Information, the filing party shall provide all other parties with written notification of its intent to publicly file such documents at least **ten (10) days** before doing so. The designating party must respond to the notice within **seven (7) days** of receipt either consenting or objecting to the public filing. Where the designating party or other parties object to the public filing of such documents, the party who seeks to file the documents must file the documents provisionally under seal, and the objecting party or parties will then have **seven (7) days** to file with the Court a motion requesting the documents remain sealed.

**8.**     **Challenges by a Party to Designation as Confidential Information.** The designation of any material or document as Confidential Information is subject to challenge by any party. The following procedure shall apply to any such challenge.

(a)     Meet and Confer. A party challenging the designation of Confidential Information must do so in good faith and must begin the process by conferring directly with counsel for the designating party. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The designating party must respond to the challenge within **five (5) days**.

(b)     Judicial Intervention. A party that elects to challenge a confidentiality designation must comply with the discovery dispute process outlined in the Court's Standing Referral Order (Doc. 3). If the challenging party files and serves a motion that identifies the

7

challenged material and sets forth in detail the basis for the challenge, each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure. Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information under the terms of this Order.

9. **Action by the Court.** Applications to the Court for an order relating to materials or documents designated Confidential Information shall be by motion. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

10. **Use of Confidential Documents or Information at Hearing or Trial.** Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or at any hearing. All trials, and certain pretrial proceedings and hearings, are open to the public (collectively a "Public Hearing" or "Public Hearings"). Absent further order of the Court, there will be no restrictions on any Party's ability to the use during a Public Hearing any document or information that has marked with a Confidentiality Designation or documents or information derived therefrom that would disclose such confidential information.

However, if a party intends to present Confidential Information at a public hearing or at trial, where the Court's pretrial or hearing order is otherwise silent on deadlines for disclosure of exhibits and/or evidentiary motions, the party shall provide advance notice to the designating party at least **five (5) days** before the public hearing or trial by identifying the documents or information at issue as specifically as possible (i.e., by Bates Number, page range, deposition transcript line, etc.) without divulging the actual documents or information. The designating party must respond to the notice within **two (2) days** of receipt. Where the notice and response do not result in agreement among the parties regarding confidentiality, any party may then seek appropriate relief

8

from the Court, and the Court shall resolve whether any confidentiality restrictions are appropriate.

11. **Confidential Information Subpoenaed or Ordered Produced in Other Litigation.**

(a) If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information, the receiving party must so notify the designating party, in writing, immediately after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

(b) The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued. The designating party shall bear the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody or control Confidential Information by the other party to this case.

12. **Obligations on Conclusion of Litigation.**

(a) Order Continues in Force. Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

(b) Obligations at Conclusion of Litigation. Within **sixty-three (63) days** after dismissal or entry of final judgment not subject to further appeal, all Confidential Information and documents marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER" under this Order,

including copies as defined in ¶3(a)-(b), shall be returned to the producing party or destroyed in lieu of return unless the document has been offered into evidence or filed without restriction as to disclosure.

        (c)     Retention of Work Product and Filed Documents. Notwithstanding the above requirements to return or destroy documents, counsel may retain: (1) attorney work product, including an index that refers or relates to designated Confidential Information so long as that work product does not duplicate verbatim substantial portions of Confidential Information, and (2) all documents filed with the Court including those filed under seal. Any retained Confidential Information shall continue to be protected under this Order. An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use any Confidential Information.

        (d)     Deletion of Documents filed under Seal from Electronic Case Filing (ECF) System. Filings under seal shall be deleted from the ECF system only upon order of the Court.

**13.**    **Attorneys Allowed To Provide Advice.** Nothing in this Order shall bar or otherwise restrict any attorney for any party from rendering advice to his or her client with respect to this case or from doing anything necessary to prosecute or defend this case and furthering the interests of his or her client, except for the disclosure of the Confidential Information as proscribed in this Order.

**14.**    **No Waiver Of Right To Object.** This Order does not limit the right of any party to object to the scope of discovery in the above-captioned action.

**15.**    **No Determination Of Admissibility.** This Order does not constitute a determination of the admissibility or evidentiary foundation for the documents or a waiver of any party's objections thereto.

**16.** **No Admissions.** Designation by either party of information or documents under the terms of this Order, or failure to so designate, will not constitute an admission that information or documents are or are not confidential.

**17.** **No Prior Judicial Determination.** This Order is based on the representations and agreements of the parties and is entered for the purpose of facilitating discovery in this action. Nothing in this Order shall be construed or presented as a judicial determination that any documents or information as to which counsel or the parties made a Confidentiality Designation is in fact subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

**18. Order Subject to Modification.** This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

**19.** **Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and person made subject to this Order by its terms.

**IT IS SO ORDERED** this ____ day of _____, 2025.

_____
UNITED STATES DISTRICT JUDGE

Respectfully submitted,

/s/ Jacqueline Greene
Jacqueline Greene (OH 0092733)
Alphonse A. Gerhardstein (OH 0032053)
FG+G
35 East 7th Street, Suite 201
Cincinnati, Ohio 45202
T: 513-572-4200 / F: 216-621-0427
jacqueline@FGGfirm.com
al@FGGfirm.com

*Counsel for the Estates of Raymond and Gayle Laible*

/s/ Roula Allouch
J. Stephen Smith (KBA #86612)
Roula Allouch (KBA #91594)
BRICKER GRAYDON LLP
2400 Chamber Center Drive, Suite 300
Ft. Mitchell, KY 41017
T: 513-629-2805 / F: 513-333-4358
ssmith@brickergraydon.com
rallouch@brickergraydon.com

*Counsel for Steven and Maribeth Klein*

/s/ Aaron M. Herzig
Aaron M. Herzig, *pro hac vice*
Chad R. Ziepfel (KBA #93903)
Spencer S. Cowan, *pro hac vice*
Kenneth A. Foisy (KBA #97478)
TAFT STETTINIUS & HOLLISTER LLP
425 Walnut Street, Suite 1800
Cincinnati, OH 45202
P: 513-381-2838/ F: 513-381-0205
aherzig@taftlaw.com
cziepfel@taftlaw.com
scowan@taftlaw.com
kfoisy@taftlaw.com

*Counsel for Defendants City of Cincinnati, Timothy Lanter, and Brett Thomas*