# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF KENTUCKY
# AT COVINGTON

| | |
|---|---|
| **JASON LAIBLE, ET AL.,** | Case No. 2:21-cv-00102 |
| Plaintiffs, | Judge David L. Bunning |
| -vs- | Magistrate Judge Candace J. Smith |
| **TIMOTHY LANTER, ET AL.,** | |
| Defendants. | |

**PLAINTIFFS' NOTICE TO TAKE DEPOSITION OF DEFENDANT CITY OF CINCINNATI PURSUANT TO FED. R. CIV. P. 30(B)(6)**

**(Topics as Amended 12.18.24; Date of Deposition Amended 4.16.25)**

TO: Defendant City of Cincinnati and its named attorneys, Aaron Herzig, Chad Ziepfel, Spencer Cowan, and Kenneth Foisy

**PLEASE TAKE NOTICE**, that pursuant to Fed. R. Civ. P. 30(b)(6), 30(b)(2), and 34, the stenographic deposition(s) of Defendant City of Cincinnati ("City") will be taken before a court reporter, notary public, or some other officer authorized by law to administer oaths. The depositions will be stenographically recorded and video recorded. This oral examination may be used in evidence in the trial of the above-captioned case.

These deposition(s) will take place on April 30, 2025 or other date(s) agreed by the Parties, and thereafter by adjournment until the same shall be completed. The deposition will be conducted in person at the offices of **Taft, 425 Walnut Street, Suite 1800, Cincinnati, Ohio 45202**.

Pursuant to Fed. R. Civ. P. 30(b)(6), Defendant City of Cincinnati is required to designate and fully prepare one or more officers, directors, managing agents, or other persons who consent to testify on behalf of Defendant City and whom Defendant City will fully prepare to testify regarding the following designated matters and as to such information that is known or reasonably available to Defendant City's organization. Defendant City has designated the following witnesses to address the topics in the notice herein:

[Name(s)]          April 30, 2025 at 9:30 AM

1

## MATTERS OF EXAMINATION

1. The City's written and unwritten policies, practices, and customs in effect from January 1, 2010 to present relating to:

   a. Cincinnati Police Department ("CPD") police vehicle pursuits;
   b. CPD police vehicle operation;
   c. Car accidents involving CPD officers;
   d. Form 34, Vehicle Pursuit Reports;
   e. Discipline, training, and supervision of CPD officers and supervisory officers;
   f. CPD chain of command;
   g. CPD internal investigations and/or administrative reviews;
   h. Operations of CPD units/sections/boards/squads, including:
      i. CPD Internal Investigations Section;
      ii. CPD Critical Incident Review Board;
      iii. CPD Gang Unit;
      iv. CPD Canine Squad;
      v. CPD OCIS;
      vi. CPD ECC;
   i. Requests for assistance from CPD units and/or squads;
   j. Use of informants and/or confidential sources;
   k. CPD radio channels and CPD Primary dispatch channel;
   l. Suspect tracking, including but not limited to tracking cellular device location and/or use of drones;
   m. CPD involvement in mutual aid, joint task forces, and other inter-agency cooperative law enforcement operations, including but not limited to the NKDSF and/or ATF.

2. The City's training of its police officers, including dates of training, identities of trainers/instructors, substance of such training, and written materials provided for such training, from January 1, 2010 to present relating to:

   a. Cincinnati Police Department ("CPD") police vehicle pursuits;
   b. CPD police vehicle operation;
   c. Car accidents involving CPD officers;
   d. Form 34, Vehicle Pursuit Reports;
   e. Discipline, training, and supervision of CPD officers and supervisory officers;
   f. CPD chain of command;
   g. CPD internal investigations and/or administrative reviews;
   h. Operations of CPD units/sections/boards/squads, including:
      vii. CPD Internal Investigations Section;
      viii. CPD Critical Incident Review Board;
      ix. CPD Gang Unit;

      x. CPD Canine Squad;
      xi. CPD OCIS;
      xii. CPD ECC;
   i. Requests for assistance from CPD units and/or squads;
   j. Use of informants and/or confidential sources;
   k. CPD radio channels and CPD Primary dispatch channel;
   l. Suspect tracking, including but not limited to tracking cellular device location and/or use of drones;
   m. CPD involvement in mutual aid, joint task forces, and other inter-agency cooperative law enforcement operations, including but not limited to the NKDSF and/or ATF.

  3. All efforts by the City from January 1, 2010 to present to identify or investigate risks, identify or investigate CPD officer misconduct, or to manage risks and/or CPD officer misconduct, concerning:

   a. Improper initiation and/or continuance of police vehicle pursuits by CPD officers;
   b. Improper police vehicle pursuit tactics by CPD officers;
   c. Improper supervision of police vehicle pursuits by CPD officers;
   d. CPD officer conduct during interagency joint law enforcement operations, including but not limited to the NKDSF and/or ATF.

  4. All proposed discipline and discipline imposed by the City upon CPD Officers from January 1, 2010 to present for:
   a. Improper initiation and/or continuance of police vehicle pursuits;
   b. Improper police vehicle pursuit tactics;
   c. Improper supervision of police vehicle pursuits;
   d. CPD officer conduct during interagency joint law enforcement operations, including but not limited to the NKDSF and/or ATF.

  5. All vehicle accidents involving Defendant Timothy Lanter, Defendant Brett Thomas, Sergeant Donald Scalf, and/or Specialist Michael Harper from the start of their employment with CPD to present.

  6. All training provided to Defendant Timothy Lanter, Defendant Brett Thomas, Sergeant Donald Scalf, and Specialist Michael Harper relating to topics 1 through 3 above from the start of their employment with CPD to present.

  7. All completed and proposed personnel evaluations, investigations, cautions, reprimands, training, retraining, and/or discipline for Defendant Timothy Lanter, Defendant Brett Thomas, Sergeant Donald Scalf, and/or Specialist Michael Harper from the start of their employment with CPD to present, including but not limited to CPD, IIS, CIRB, and/or Citizen Complaint Authority.

8. All information reviewed or considered by, all findings of, and all outcomes from CPD's Internal Investigations Section and/or CIRB relating to the pursuit of Mason Meyer on August 7, 2020.

9. The person(s) with final policymaking authority for the Defendant City on policies, procedures, practices, and training relating to topics 1 through 6 above during the time periods designated for each of those topics. To the extent that anyone or any entity with final policymaking authority has delegated such authority, please identify that delegee or those delegees and produce those individual(s) pursuant to this Notice.

10. Facts known to the City relating to the investigation, surveillance, arrest, and/or pursuit of Mason Meyer on or before August 7, 2020.

11. Facts known to the City relating to the allegations in Plaintiff's Complaint.

12. CPD chain of command on August 7, 2020.

13. CPD Documents, as well as agreements and/or Communications with ATF and/or NKDSF and/or any other law enforcement agency, relating to Mason Meyer.

14. Requests for exception(s) to existing policies and/or practices, if any, concerning the investigation, surveillance, arrest, and/or pursuit of Mason Meyer.

15. All changes to City policies, practices, or procedures made in relation to Mason Meyer and/or the pursuit of Meyer and/or Plaintiffs from 2020 to present.

16. All litigation filed against the City and/or its agents from January 1, 2010 to present, including case name, number, court, status, and/or outcomes of such litigation, relating to:
   a. Initiation and/or continuance of police vehicle pursuits;
   b. Police vehicle pursuit tactics; and/or
   c. Supervision of police vehicle pursuits.

17. All litigation filed against Timothy Lanter, Brett Thomas, Donald Scalf, and/or Michael Harper in relation to their roles as CPD officers, including case name, number, court, status, and/or outcomes of such litigation.

18. The City's document retention policies from January 1, 2020 to present.

19. The City's efforts to locate and produce information and files responsive to Plaintiff's interrogatories and document requests in this case. This request includes but is not limited to the person(s) with knowledge about those search efforts, what efforts have been undertaken to locate and produce the information and/or documents, and the storage location of information/documents produced in this case.

**REQUESTED DOCUMENTS:**

The person(s) designated by Defendant City of Cincinnati to testify on the above-referenced topics should produce at least twenty-one (21) days prior to the deposition all documents related to the above-referenced topics and below requests, including:

1. Documents and/or Communications not already produced in this litigation which will be relied upon by the person(s) so designated to prepare for or testify during this deposition;

2. Documents and/or Communications containing the written job/title descriptions and/or duties of Timothy Lanter, Brett Thomas, Donald Scalf, and/or Michael Harper in relation to their titles and/or roles while on duty on August 7, 2020;

3. Documents and/or Communications containing all known contact information for Lindsey Potzick, Raven Hammons, Steve Caminiti and any other civilian or bystander witness identified in the City's investigations of the August 7, 2020 pursuit;

4. Completed and proposed personnel evaluations, investigations, cautions, reprimands, training, retraining, and/or discipline relating to the March 11, 2011 CPD pursuit of a Rav4 driven by Mark Gerth, including but not limited to CPD, IIS, CIRB, and/or Citizen Complaint Authority.

5. All Documents and Communications related to the on-duty/City-owned vehicle driving records of Timothy Lanter, Brett Thomas, Donald Scalf, and/or Michael Harper, including incident or accident reports, "Automobile Accident Report" forms, and/or Safe Driving Award eligibility.

6. Documents establishing the case name, number, court, factual allegations, status, and/or outcomes of all litigation filed from January 1, 2010 to present where such litigation alleges liability and/or guilt of the City, CPD, or CPD officer(s) concerning:

    a. Initiation and/or continuance of police vehicle pursuits;
    b. Police vehicle pursuit tactics; and/or
    c. Supervision of police vehicle pursuits.

7. Documents establishing the case name, number, court, factual allegations, status, and/or outcomes of all litigation filed against Timothy Lanter, Brett Thomas, Donald Scalf, and/or Michael Harper in relation to their roles as CPD officers.

**For the purposes of the requests above, "Documents"** is used in its broadest sense and means, without limitation, all writings of every kind, including, without limitation, all originals (or any copies when originals are unavailable) including any non-identical copies (whether different

5

from originals because of notations made on such copies or otherwise) of all written or printed matter of any kind, whether handwritten, typewritten, or stored by any other means, including electronic or photographic media, including but not limited to reports, summaries, letters, notes, emails, social media posts and messages, or otherwise prepared correspondence, telegrams, telexes, instructions, intra-office and inter-office correspondence or memoranda, electronically recorded information including tape recording or electronic records, notations or memorandum of conversations, including telephone pads, telephone logs, notes, reports, summaries, directors' corporate and committee minutes, records, legal documents and pleadings, contracts, agreements, reports, billing records, confirmation slips, time records, invoices, statements, bank records, canceled checks, vouchers, check stubs and writings of every description including drawings, graphs, charts, photographs, phono records, recordings, computer tapes and print-outs, electronic data and files, and other data compilations from which information can be obtained or translated, if necessary, through detection devices into reasonably usable form, irrespective of whether the "documents" are printed, recorded, reproduced by any process, or written or produced by hand, which are in the possession, custody or control of Defendant and/or their attorneys, representatives, agents, or anyone acting for or on Defendant's behalf. This also includes any and all metadata associated with the original documents.

**For the purposes of the requests above, "Communications"** is used in its broadest sense and means, without limitation, all discussions, conversations, meetings, conferences, telephone calls, cards, letters, correspondence, emails, telegrams, telexes, text messages, social media posts or messages, fax, voice mail messages, or other forms of written or oral interchange, however transmitted, relating in any way to transmission or exchange of information between two or more persons or entities, orally or in writing.

The terms **"referring to," "relating to,"** and **"concerning"** in addition to their ordinary meanings, shall mean and include reporting on or with respect to, showing or indicating knowledge of, mentioning, constituting, consisting of, or in the manner referring to, either directly or indirectly. **"Person"** means and includes both natural and artificial persons. The terms **"and"** and **"or"** shall be construed in the manner necessary to make the request inclusive rather than exclusive of documents or information. Similarly, any term used in the singular shall include the plural of that term, when to do so renders the request more inclusive.

Should Defendant wish to make any objections and/or claims of privilege or otherwise assert that the above-referenced documents or information are otherwise not discoverable, Plaintiff request that any such objections or claims be asserted in writing no later than 21 days prior to the scheduled deposition, and that a privilege log be produced, stating a description of the nature of the documents, communications, or things not produced or disclosed in a manner that will enable Plaintiff to assess the applicability of the privilege or protection, including the legal and factual basis for withholding the requested discovery.

**PLEASE TAKE NOTICE** that this Request is deemed continuing to and through trial of this case. Should you in the future discovery any items relating to any of the above matters of this Request, you are required to notify Plaintiff' counsel of said information by way of Supplemental Answers to this Request, or an objection will be made at trial for the use of information not revealed.

Respectfully Submitted,

/s/ Jacqueline Greene
Jacqueline Greene (OH 0092733)
Rebecca P. Salley (OH 0097269)
Alphonse A. Gerhardstein (OH 0032053)
FG+G
35 East 7th Street, Suite 201
Cincinnati, Ohio 45202
T: 513-572-4200 / F: 216-621-0427
jacqueline@FGGfirm.com
rebecca@FGGfirm.com
al@FGGfirm.com

*Counsel for the Estates of Raymond and Gayle Laible*

/s/ Roula Allouch
J. Stephen Smith (KBA #86612)
Roula Allouch (KBA #91594)
BRICKER GRAYDON LLP
2400 Chamber Center Drive, Suite 300
Ft. Mitchell, KY 41017
T: 513-629-2805 / F: 513-333-4358
ssmith@graydon.law
rallouch@graydon.law

*Counsel for Steven and Maribeth Klein*

## CERTIFICATE OF SERVICE

I hereby certify that on April 16, 2025, a copy of the foregoing was served as follows:

**Via Email:**

Aaron Herzig
Chad R. Ziepfel
Spencer S. Cowan
Kenneth Andrew Foisy
aherzig@taftlaw.com
cziepfel@taftlaw.com
scowan@taftlaw.com
kfoisy@taftlaw.com

*Counsel for Defendants City of Cincinnati, Lanter, and Thomas*

Michael P. Casey
CASEY, BAILEY & MAINES, PLLC
mcasey@cbmlaw.net

*Counsel for Travelers Casualty Insurance Company of America*

**Via US Mail:**

Defendant Mason Meyer
Bourbon County Regional Detention Center
101 Legion Road
Paris, KY 40361

Defendant Austin Lagory
9626 Shane Lane
Union, KY 41091-7997

/s/ Jacqueline Greene
JACQUELINE GREENE (OH 0092733)
*One of the Attorneys for Plaintiffs*