

**city of CINCINNATI**

Interdepartmental Correspondence Sheet

Date: March 26, 2014

To: Jeffrey Blackwell, Police Chief

From: Sergeant James L. Perkins, District Three

Copies to:

Subject: **Addendum to Vehicle Pursuit / ETS #2014-189999**

---

Police Officer Jeffrey Zucker, Badge P227, District Three, and Police Officer Jerry Hodges, Badge P538, District Three were the primary units involved in a vehicle pursuit. The unidentified driver was wanted for drug trafficking after he was observed in a hand to hand drug transaction with an occupant of another vehicle. Police Officer James Matthews, Badge P668, District Three, was the secondary unit involved in the vehicle pursuit. Police Officer Timothy Lanter, Badge P707, District Three, and Police Officer Eric Schaible, Badge P291, District Three, entered the vehicle pursuit when secondary unit terminated their involvement because he lost sight of the primary unit. I terminated the vehicle pursuit when the pursued vehicle was involved in a traffic crash with an occupied vehicle and information broadcasted indicated the pursued vehicle almost struck a police vehicle.

I reviewed the video captured on the officers' digital video recorder. During the vehicle pursuit, the driver of the pursued vehicle operated his vehicle with reckless disregard for the safety of other citizens. Officer Zucker had the authority to terminate the pursuit and it was his responsibility as the primary unit to end the vehicle pursuit when it was determined the level of danger superseded the necessity for immediate apprehension.

The pursued vehicle drove the wrong direction on a one-way street. Officer Zucker slowed his vehicle and had a clear vision of on-coming traffic. The short travel duration to the next cross street had minimal vehicular traffic. Officer Zucker could not request immediate authorization to continue the pursuit because of substantial radio transmissions and considered the dynamics did not present an increased risk to other motorists. Officers Zucker and Matthews pursued the vehicle the wrong direction on a one-way street. Officer Matthews lost surveillance of the primary unit and discontinued his involvement as the secondary unit in the vehicle pursuit.

Officer Lanter entered the pursuit and observed the vehicle crash into an occupied vehicle. Officer Lanter exited his marked police equipment and ran toward the pursued vehicle. Officer Lanter exercised poor judgment when he approached the fleeing vehicle which placed him at a tactical disadvantage. Officer Lanter failed to utilize the best tactical options and did not position himself to maximize his cover. Officer Lanter did not establish proper tactics for an apprehension

1



Δπ EXHIBIT 74
Deponent_____
Date_____ Rptr._____
WWW.DEPOBOOKPRODUCTS.COM

CITY_002009

and rushed to the fleeing vehicle which placed him in dangerous situation. There were not any injuries sustained in the traffic crash.

Officers Zucker and Hodge were operating marked police equipment #09300 and Officer Matthews was operating marked police equipment #08347. Officers Zucker and Matthews were wearing the Sure Talk microphones. Officer Zucker and Matthews assumed all the components of the Digital Video Recorder were functioning properly because they inspected their Digital Video Recorders prior to leaving the district. Both officers' Digital Video Recorders had the letter M appear on the digital screen when the video was activated, however, the Sure Talk microphones did not capture the audio portion of the vehicle pursuit. Both officers were instructed to take their assigned police equipment to the radio shop for evaluation.

I reviewed the tactical options and legal considerations with the involved officers to encourage better practices when engaging in high risk incidents. Officer Zucker was counseled to exercise better judgment and terminate a pursuit when the risk outweighs the need for immediate apprehension. Officer Lanter was told distance is the best defense for an officer and the greater the reactionary gap, the better chance an officer has to initiate an effective response to a threat. Officers Lanter was encouraged to utilize contact / cover principles and verbally engage the occupants of a high risk stop to determine compliance before approaching the vehicle. Officers Zucker and Lanter were receptive to the discussions and entries were made into their Employee Tracking Solution via ESL which documented our discussion of best practices in high risk / low frequency incidents. I do not recommend any further action be taken.

JLP

CITY_002010