# MANUAL OF RULES AND REGULATIONS
## AND
## DISCIPLINARY PROCESS
## FOR THE
## CINCINNATI POLICE DEPARTMENT





Revised 01/06/23, Replaces 05/13/21

## Cincinnati Police Department Discipline Philosophy

Public trust is formed when the community entrusts the Police Department to provide service, protection, and law and order. Any responsibility delegated to any member of the Department carries with it the implicit authority to fulfill that responsibility. Each member is accountable for the use of delegated authority. The authority to deprive persons of their liberty, serve search and arrest warrants, and investigate a person's activities can be abused. The public trusts its police department to operate within the law. All public employees have a duty to serve the public well.

## The Purpose of Discipline

A police agency must employ an open, effective, and efficient philosophy of discipline. Three factors form the first of two triads that managers must balance to maintain an effective disciplinary system: public trust, the police agency, and the police employee. All employees must be informed, trained, and oriented in the system in order to be accountable to the agency. Positive reinforcement should be employed to the greatest extent possible. The individual who wills to do the right thing, in the right way, receives the greatest reward. Self-discipline generates the positive benefits associated with being a member of a professional group: pride, esprit de corps, and high morale.

The vast majority of employees abide by law, policy, procedure, and rule. Most employees will follow the rules when given a clear set of expectations. The nature of police work involves the application of discretionary judgments, accumulated expertise, and the use of guiding values to solve a variety of problems. Police work is not conducive to the formation of a comprehensive list of permissible and prohibited acts. Managers and supervisors must recognize that training, education, conduct, rewards, and punishments are interrelated and not separate elements.

The public's trust is impacted, however slightly, each time a manager adjudicates a complaint investigation or finds that an employee's conduct did not conform to law, policy, procedure, or rule. When an allegation of misconduct is sustained by the Police Department, corrective or disciplinary action imposed serves three purposes:

- To modify the employee's conduct.
- To set expectations for other employees.
- To assure the public that the Department strives to maintain the public trust by holding employees accountable.

Supervisory personnel are accountable for the activities of employees under their immediate control. In many cases, the supervisor can convert a negative occurrence into a positive action by using the situation as a training vehicle or exercise. By comparing what the individual did that was less than acceptable with what should have been done, the supervisor is achieving several goals:

- The supervisor fulfills the responsibility to detect errors by subordinates.
- The supervisor brings the conduct to the attention of the subordinate and reinforces the subordinate's awareness that the supervisor cares about how the subordinate performs.
- The supervisor compares proper and improper methods and techniques and imparts to the subordinate the right way to perform.

Confidential

It is better to prevent unprofessional conduct than to deal with it after the fact. Managers and supervisors must ensure that values and expectations are reinforced and discussed on a daily basis. Managers must ensure that their subordinate supervisors are reiterating the organization's philosophy, values, and expectations. Conducting periodic discussions regarding the disciplinary process can be valuable in helping to alleviate employees' anxiety.

## Fairness and Consistency

Fairness, consistency, and clear expectations form the second triad of an effective discipline system. Employees will understand discipline when it is imposed fairly and consistently. However, employees may incorrectly equate fairness and consistency as synonymous; they are not. The disciplinary matrix is a guide for fairness and consistency. When using the matrix, one must take into account an officer's violations of different rules within the same section rather than just repeated violations of the same rule. The matrix does not abrogate the Police Chief's authority and discretion to impose any appropriate discipline when he believes the officer's misconduct exhibits a lack of fitness for duty.

**Consistency** within a discipline system means holding every employee equally accountable for unacceptable behavior. Unacceptable behavior for one is unacceptable for all, regardless of rank, status, or tenure.

**Fairness** within a discipline system means understanding the myriad of circumstances that contributed to the misconduct. Thus, disciplinary penalties for various infractions are expressed as ranges so that mitigating factors can be given appropriate consideration.

## Discipline Philosophy

The effectiveness of the discipline system is dependent on the manager's ability to balance the triad of **expectation, fairness, and consistency** with the triad of **public trust, police agency, and police employee.** An important objective of any discipline system is to make the corrective or disciplinary action fit the conduct. This requires the review of five factors: motivation, damage, knowledge, intent, and history during the penalty assessment phase of the discipline system. Speed and certainty of punishment are critical features for negative consequences to have any beneficial effect as deterrence. Managers must ensure that the discipline process proceeds in a timely manner. Proper case management from investigation to adjudication is important.

Administering discipline must be accompanied by frequent discussion of values and principles to help employees understand what they are and what they represent.

Confidential

# TABLE OF CONTENTS

| | |
|---|---|
| Code of Ethics | 0.5 |
| Section One - Failure of Good Behavior | 1.00 |
| Section Two - Neglect of Duty | 2.00 |
| Section Three – Attendance | 3.00 |
| Section Four – Insubordination | 4.00 |
| Section Five – Dishonesty | 5.00 |
| Section Six - Substance Abuse | 6.00 |
| Section Seven - Care of Department Equipment | 7.00 |
| Section Eight - Uniforms and Grooming | 8.00 |
| Section Nine - Disciplinary Process | 9.00 |
| Section Ten – Appeal | 10.00 |
| Section Eleven - Temporary Relief from Duty | 11.00 |
| Section Twelve – Suspension | 12.00 |
| Section Thirteen – Dismissal | 13.00 |
| Section Fourteen - Probationary Personnel | 14.00 |
| Section Fifteen - Disciplinary Table | 15.00 |
| Section Sixteen – Index | 16.00 |

# CODE OF ETHICS

0.5   Law enforcement is an honorable calling.   Service in this field commands a
professional rather than an occupational philosophy.  Personal honor, a desire for
professional status, and devotion to service above self, are the motives which impel
police officers to discharge their responsibility in full measure.

Police officers' lives are ones of self-sacrificing service to a high ideal, based upon
their recognition of the responsibilities entrusted to them and the belief that law
enforcement is an honorable vocation.  They fully accept their responsibilities to
protect the weak, aid the distressed, and apply the law without prejudice.  They
accept the obligation to report facts and testify without bias or display of emotion, and
to consider all information coming to their attention by virtue of their position as a
sacred trust to be used for official purposes only.  They give their loyal and faithful
attention to the apprehension and identification of criminals, being equally alert to
protect the innocent and prosecute the guilty.  They perform the functions of their
office without fear, favor, or prejudice and do not engage in unlawful or improper
practices.

They are respectful and courteous to all citizens.  They serve their city with zeal,
courage, dedication, and fidelity.  They are faithful and loyal to their organization,
constantly striving to cooperate with and to promote better relations with all regularly
constituted law enforcement agencies in matters of mutual interest and obligation.

There must be a moral philosophy, or strong appreciation of the need for obligatory
service associated with any profession.  Unwavering adherence to such a moral
philosophy will earn police officers the respect and support of the public.  Each
member of the Cincinnati Police Department is required to conform to a high
standard of personal conduct.  Members shall:

- Be honest in all matters.
- Face their problems with determination and persistence.
- Avoid the use of obscene, profane, or violent language.
- Maintain a level of general health and fitness which allows them to
  properly execute their duties.
- Be loyal to the law enforcement service and to their associates, and
  neither divulge nor tolerate gossip detrimental to any member of the
  Department.
- Encourage their associates to fully discharge the obligation of their office
  and assist associates promptly and energetically.
- Foster in all personnel sensitivity to misconduct and have the courage to
  strive against it.
- Take their oath of office without reservation or evasion.

Revised 01/06/23, Replaces 05/13/21

Confidential

# RULES AND REGULATIONS

## SECTION ONE – FAILURE OF GOOD BEHAVIOR

1.01    Members shall not commit any acts or omit any acts, which constitute a violation of any of the rules, regulations, procedures, directives, or orders of the Department.

    A.    A violation which does not entail a risk of nor leads to physical injury to another or financial loss to the City.

    B.    A negligent violation which may lead to risk of physical injury to another or financial loss to the City.

    C.    An intentional violation which may lead to risk of physical injury to another or financial loss to the City.

    D.    A negligent violation which leads to physical injury to another or financial loss to the City.

    E.    An intentional violation which leads to physical injury to another or financial loss to the City

    F.    An intentional violation which leads to serious injury to another.

    G.    An intentional violation which leads to the death of another.

1.02    Members shall obey all laws and ordinances.

    A.    Minor misdemeanor criminal law conviction.

    B.    1st through 4th degree misdemeanor traffic law or criminal law conviction.

    C.    Felony traffic/felony criminal law conviction.

    D.    Felony traffic/felony criminal law indictment

1.03    Members shall exercise the responsibility and authority of the position to which they are assigned in accordance with Department Position Classification/Job Description, Civil Service Classification Specifications, and work rules.

1.04    Members of the Department having a disagreement involving another member which cannot be resolved amicably shall consult their immediate supervisor.

1.05    Members of the Department will not recognize or address a plainclothes or undercover (covert) officer as police personnel or call attention to their presence unless first addressed by them.

1.06    A.    Members of the Department shall always be civil, orderly, and courteous in dealing with the public, subordinates, superiors and associates.

       B.    Members of the Department shall avoid the use of coarse, violent, or profane language.

       C.    Members of the Department shall not express, verbally or in writing, any prejudice or offensive comments concerning age, gender, sexual orientation, gender expression and identity, marital status, disability, religion, race, color, ethnicity, national origin, Appalachian regional ancestry, veteran status, military status, genetic history, or HIV status.

       D.    Members of the Department shall not create a hostile work environment, engage in discriminatory harassment, or interfere with another employee's performance by usage of the word, "nigger" (hereinafter, the "n-word") or any variation of the n-word.

       E.    Members shall not engage in unwarranted or unwelcome sexual advance(s), requests for sexual favors, Quid Pro Quo sexual harassment, or other verbal, nonverbal, or written communication, conversation(s), or physical conduct, or contact of a sexual nature with other Department members, City employees, or members of the public.

1.07    Members shall not exhibit or divulge the contents of any criminal record to any person except in the conduct of Department functions or in accordance with the provisions of law.

1.08    Members shall treat official Department business as confidential and shall not disclose information concerning Department activities when such disclosure would hinder the accomplishment of police objectives.

1.09    Members shall not recommend or suggest in any manner while acting in an official capacity, the employment or procurement of a particular bondsman, attorney, product, or professional or commercial service

1.10    Members shall not publicly criticize or ridicule the Department, its policies, or other members by talking, writing, or expressing themselves in any manner, when such expression:

       A.    Is directed towards a person with whom the member has a working relationship, and the expression impairs the working relationship.

       B.    Is stated or inferred as the official position of the Department, without obtaining the prior approval of the Department.

       C.    Improperly disclosed investigative or confidential information.

Confidential         CITY_001477

D.  Tends to impair the operation of the Department by interfering with its efficiency or ability of supervisors to maintain discipline; or was made with reckless disregard for truth or falsity.

1.11  Members shall not authorize the use of their name, official title, or a photograph identifying them as member of the Department in connection with any testimonial or advertisements of any commodity or commercial enterprise without approval.

1.12  Members shall not engage in any other employment or business without the permission of the Police Chief.  Requests for permission to engage in outside employment shall be made according to Department and Civil Service procedure.

1.13  Members shall not, at any time, use or attempt to use their official position, badge, or credentials for personal or financial gain.

A.  Such conduct is directed towards a person with whom the member expects a sexual favor in lieu of performing an official act or responsibility.

1.14  Members, while acting in an official capacity, shall not interfere with or attempt to influence business which is being conducted in a lawful manner.

1.15  Members shall not solicit or accept any gifts (including money, personal property, food, beverages, loans, promises, services, or entertainment, etc.) from any person, business, or organization if it may reasonably be inferred that the person, business, or organization:

A.  Seeks to influence action of an official nature or seeks to affect the performance or non-performance of an official duty, or

B.  Has an interest which may be substantially affected directly or indirectly by the performance or nonperformance of an official duty.

1.16  A.  Members shall not interfere with cases being handled by other members of the Department or other governmental agency.  Interference with a case includes, but is not limited to, actions taken which may affect an arrest, bond setting, prosecution, sentencing, or any other facet of an investigation.

B.  Members shall not undertake any investigation or official action not part of their regular duties without obtaining permission from a commander unless the circumstances require immediate police action.  Members shall not undertake any investigation or official action involving family members without first consulting a supervisor.  The supervisor will then decide the appropriate course of action and the extent of the member's involvement.

C.  Members shall not undertake any covert prostitution or soliciting investigations without prior supervisory approval and sufficient backup.

Confidential

D.      Members subpoenaed in their capacity as a police officer (or when there is a probability that the member's position will be made known to the court) to testify on behalf of the defense, will notify their unit commander.

1.17    A.      Members shall not participate, directly or indirectly, in any unethical or unlawful arrangements or settlements between criminals and their victims.

B.      If on-duty members shall immediately report knowledge of such arrangement in which any other member of the Department is involved to their supervisor. If off-duty, the member shall report the information to their supervisor or the Internal Investigations Section Commander immediately upon returning to duty.

1.18    Members of the Department shall participate in political matters only as provided in the City Personnel Policy and Procedure.

1.19    Members of the Department shall not support, join, or be a member of any organization or society designed to interfere with the orderly process of government by illegal acts or designed to disrupt the discipline and control of members of the Department.

1.20    A.      Members shall not chew tobacco nor smoke while in uniform and in contact with or visible to the general public, whether on or off-duty. Smoking is prohibited in all Cincinnati Police Department facilities and vehicles, whether owned or leased, at all times. Uniform members shall not chew gum or similar substance in court, on parade, or in contact with the general public.

B.      Members assigned to civilian clothes shall not smoke, chew gum or tobacco while in court or in personal contact with members of the general public while representing the Department.

1.21    A.      Members shall not make any arrest, search, or seizure not in accordance with law.

B.      Members shall not make any arrest, search, or seizure not in accordance with Department procedure.

1.22    Members shall not verbally and/or physically mistreat persons who are in custody and shall protect them from mistreatment by others. Members shall handle such persons in accordance with law and Department procedure

1.23    A.      Members who use force or have knowledge of a use of force by a Department member shall immediately notify a supervisor.

B.      Members shall not use more force in any situation than is reasonably necessary under the circumstances. Members shall use force in accordance with law and Department procedure.

Confidential

      C.    Members of the Department shall not express, verbally or in writing, any prejudice or offensive comments concerning age, gender, sexual orientation, gender expression and identity, marital status, disability, religion, race, color, ethnicity, national origin, Appalachian regional ancestry, veteran status, military status, genetic history, HIV status, or similar personal characteristics.

1.24  Members of the Department, while acting in an official capacity, shall not fire any weapon except as authorized by Department procedure.

1.25  A.    Members of the Department shall only draw or display their firearms in time of demonstrated need or for official inspection.  Members shall not use or handle firearms in a careless or imprudent manner.

      B.    Members shall not use, or handle department issued weapons in a careless or imprudent manner.  This rule applies to any department issued weapon except firearms, which are covered under Rule 1.25A.

      C.    Members will properly and safely store all authorized firearms, both on and off-duty.

1.26  Members of the Department shall conduct themselves in a professional manner at all times and adhere to proper radio discipline when using police radios and MDCs.

1.27  Members of the Department will not carry unauthorized radios while on duty in the field.

1.28  Members of the Department shall not knowingly visit any place of questionable character, such as a house of prostitution, gambling establishment, or any place frequented by criminals, except in the line of duty.  No member shall knowingly associate with individuals who operate or patronize such places.

1.29  Members of the Department shall not permit any person to remain in a police building or vehicle unless the person's presence is necessary to the conduct of official business.

1.30  Members shall not permit any other person to possess, control, or use their badge or credentials.

1.31  Members shall not use Department real estate, equipment, vehicles, or other resources for personal business.

1.32  Members shall not use or attempt to use their position as a police officer to influence the decisions of government officials to the members' personal advantage

1.33  Members shall not undertake financial obligations which they know or should know they will be unable to meet and shall pay all legally enforceable debts when due.

Confidential

1.34    Members shall not violate the security policy of any criminal justice information system or database, including but not limited to the Ohio Law Enforcement Gateway (OHLEG), Law Enforcement Data System (LEADS), and Regional Crime Information Center (RCIC).

## SECTION TWO – NEGLECT OF DUTY

2.01    Members will keep their commanding officer informed of their current residence and telephone number.  Changes in the above will be immediately reported on the appropriate forms.

2.02    Members of the Department shall provide necessary advice and/or assistance to citizens in a prompt and courteous manner, whether the request is made by telephone or in person.  Information from citizens relating to complaints or reports will be thoroughly documented in accordance with existing Department procedure.

2.03    Members shall submit all necessary reports and/or forms (verbal, written or electronic) on time and in accordance with established Departmental procedures. This rule is intended to be used for situations not rising to the level of seriousness outlined in Rule 5.01.

    A.    Reports and/or forms submitted by members, as well as official statements (verbal, written or electronic) that are not on time, or contain inaccurate, incomplete, or improper information, including omissions, due to officer negligence or inattention are covered under Section A. of Rule 2.03.

    B.    Reports and/or forms submitted by members, as well as official statements (verbal, written or electronic) that contain inaccurate, incomplete, or improper information, including omissions, as a result of intentional conduct by members designed to mislead are covered under Section B. of Rule 2.03.

2.04    Members of the Department will be thorough in the preparation of their cases for trial by proper execution of legal documents, analysis, preservation of evidence, summoning of witnesses, and review of testimony.

2.05    Members shall not play games, watch television or movies, or otherwise engage in entertainment while on duty, except as may be required in the performance of duty.  They shall not engage in any activities or personal business that would cause them to neglect or be inattentive to their duties.

2.06    Members shall remain awake while on duty.  If unable to do so, they shall so report to their immediate supervisor, who shall determine the proper course of action.

Confidential

CITY_001481

2.07   Members are obligated to take action in any criminal or emergency situation coming to their attention, whether on or off-duty, in accordance with City ordinances, State law, and Department policy. Members shall respond promptly whenever ordered to emergency duty.

2.08   Members of the Department shall not congregate or loiter in any place or manner as to bring discredit to the Department. No more than two uniformed officers shall simultaneously eat in the same public restaurant. They shall direct their efforts to those places and conditions that will have the greatest impact on crime and traffic conditions.

2.09   Members of the Department shall, at all times, respond promptly and safely to radio calls. They shall, as soon as practical, make themselves available for further service. As soon as practical, they shall notify their unit of actions taken.

2.10   Members of the Department shall immediately report to their superior officer all information they acquire concerning crime or crime conditions.

2.11   Members of the Department shall not conduct social or personal associations or relationships with another person while on duty which would impair the operation or efficiency of the Department.

2.12   Members are responsible for ensuring the safety and welfare of persons and their personal property when transporting or having custody of persons who are sick, injured, arrested, or incapacitated in any way.

2.13   Any member of the Department becoming aware of or receiving a complaint regarding an infraction of Department regulations or violation of City ordinance or State law by Department personnel, except civil matters arising outside the scope of the member's employment or minor traffic violations, shall immediately report such conduct to their supervisor if on-duty. If off-duty, the member shall report the information to their supervisor or to the Internal Investigations Section Commander immediately upon returning to duty.

2.14   A member of the Department receiving a complaint of or becoming aware of any infraction or violation by Department personnel shall not discuss such information with anyone except their supervisor, the Internal Investigations Section, or the Department Advocate.

2.15   Any supervisor receiving information from a citizen concerning alleged misconduct by a member of the Department shall conduct a preliminary investigation, if practical.

2.16   If there appears to be some justification of the complaint, including anonymous complaints, the supervisor shall record the complaint on a Citizen's Complaint form as soon as practical. If the complaint appears unjustified and the citizen continues to demand a report, the receiving supervisor will submit a written report of the incident to his unit commander.

Confidential

2.17    Members shall immediately report to their commanding officer any arrests or court actions instituted against them, except in civil matters arising outside the scope of their employment or minor traffic violations.

2.18    Members of the Department shall not fail to activate their Body Worn Camera (BWC) system except for a good cause. Included are late BWC activations and BWC deactivations earlier than procedurally specified. In all such instances, they shall notify their superior officer as soon as possible.

2.26    A.    A member must, upon direction of the Police Chief or his designated representative, respond completely and truthfully to all questions that are specifically, directly and narrowly related to his performance as a police officer. Since the member is required by rule and case law to answer, and has no right against self-incrimination, the response to such questions may be used only in the application of administrative justice. The member is immune in any subsequent related criminal proceeding from the uses of his answers or fruits thereof.

        B.    Should the member fail or refuse to respond completely and truthfully to all questions of this nature directed to him as a member of the Police Department, he will be given a direct order to do so. Refusal or failure to then respond will result in the pursuit of disciplinary action against the member for failure to obey the order. That disciplinary action may result in administrative sanction against the member which may include dismissal from his employment as a member of the Police Department.

## SECTION THREE – ATTENDANCE

3.01    A.    Members shall report for duty at the time and place required by assignment or orders and shall be neatly and properly groomed, as well as physically and mentally fit to perform their duties. They shall be properly equipped and cognizant of information required for the proper performance of duty so that they may immediately assume their duties.

        B.    Sworn members reporting for duty in civilian clothing will wear acceptable civilian attire of conservative color and design. Male members' attire will include a coat and tie. Members assigned in old clothes (undercover or covert) will report for duty as prescribed by their unit commander. Members assigned to auxiliary services, i.e., Impound Unit, Court Property Unit, etc., will report for duty in such clothing as prescribed by their unit commander.

        C.    Sworn members on duty and assigned to the uniform force will report to court in the operational uniform. Members who are off duty may report to court in either the operational uniform or in acceptable civilian attire of conservative color and design. Male employees in conservative business attire will wear a suit or sport coat with dress trousers, shirt, tie, and dress shoes. Female employees in conservative business attire will wear business style dress/slacks or suit and dress shoes.

Confidential

D.    Sworn members assigned in old clothes (undercover or covert) or to auxiliary services will, when appearing in court, dress in acceptable civilian attire as outlined above.  Members may wear the operational uniform, providing they meet current grooming standards.

E.    Sworn members attending training shall wear conservative business attire or the operational uniform unless specifically directed to wear range attire. If the member is required or reasonably expects to attend court, then conservative business attire or the operational uniform must be kept immediately available to them for wearing to court.

F.    Civilian members reporting for duty will wear acceptable attire of conservative design.  Cutoffs, shorts, halter-tops, patched clothing, blue jeans, and other bizarre type clothing is expressly prohibited.

3.02    Members of the Department shall not be absent from duty without first obtaining permission.

3.03    Members, when reporting for or terminating their tour of duty, will report to their immediate supervisor or that person designated as being in charge.

3.04    A.    Members of the Department shall not be tardy for any trial or hearing except for a good cause.  A tardy that results in a case dismissal will be treated as Rule 3.04 A.

B.    Members of the Department shall not be absent from any trial or hearing except for a good cause.  In such instances, they shall notify their superior officer at a reasonable time before the trial or hearing begins.

## SECTION FOUR – INSUBORDINATION

4.01    Members of the Department shall promptly obey the legitimate orders of superior officers and other members acting in a supervisory capacity.

A.    Conflicting Orders

1.    Department personnel who are given an order by a supervisor that conflicts with a previously issued order by a different supervisor are to respectfully inform the supervisor issuing the second order of the conflict.  That supervisor must then decide which order stands.

2.    Department rank structure must be considered.  Personnel are not responsible for disobedience to an order they were properly ordered to disregard.

B.    Unlawful Orders

1.    Personnel are not to obey any order they know would require them to commit an illegal act.

Revised 01/06/23, Replaces 05/13/21

14

4.02    When two or more members of equal rank are simultaneously employed in the same operation, the senior member shall be in charge, except when otherwise ordered.

4.03    Members of the Department shall conduct official business through channels as indicated in the current organizational structure. Rank shall not be disregarded in conducting official business except where authorized by the Police Chief, by law, or any current labor agreement.

4.04    All command and supervisory personnel will be addressed by their correct title and last name.

4.05    A member must, upon direction of the Police Chief or his designated representative, respond completely and truthfully to all questions that are specifically, directly, and narrowly related to his performance as a police officer or member of the Police Department.

4.06    A member must, upon direction of the Police Chief or his designated representative, submit to a drug and/or alcohol test

## SECTION FIVE – DISHONESTY

5.01    No member shall knowingly make a false verbal statement or knowingly state, enter, or cause to be entered on any official documents any false information during serious situations including but not limited to:

    A.    While giving testimony, under oath, in any recognized court.

    B.    During an interview or at any stage of an investigation conducted by the Internal Investigations Section.

    C.    After being advised that an interview is being conducted pursuant to Rule 2.26.

    D.    Failure to bring forward information involving criminal activity of other officers.

    E.    Fabricating evidence that tends to implicate another in a criminal act, including providing false information in an affidavit or warrant.

    Nothing in this section shall preclude members from utilizing appropriate investigative techniques while conducting investigations or interrogations.

5.02    Members of the Department shall not remove or attempt to remove any official record, report, or citation from any file or take any official record from the office where it is kept except in the performance of their duties.

Confidential        CITY_001485

## SECTION SIX – SUBSTANCE ABUSE

6.01    Members shall not consume alcoholic beverages, be under the influence of, or
have an odor of an alcoholic beverage on their person, while in uniform or on
duty except in the performance of duty and while acting under proper and
specific orders from a superior officer.  Refer to:
**https://citymatters.rcc.org/citymatters/departments/hr/administrative-
regulations/administrative-regulation-no-52-city-of-cincinnati-substance-
abuse-policy/**

6.02    A.    Members shall not appear for duty or be on duty while under the influence
of any illegal controlled substances.  An illegal controlled substance
includes any controlled substance as classified by the U.S. Department of
Justice DEA list of controlled substances.

B.    Members shall not appear for duty or be on duty while under the influence
of an improperly obtained controlled substance.  Situations covered under
this provision include, but are not limited to, department members
ingesting a controlled substance prescribed to another person.

6.03    Members shall not possess or use any controlled substances except when
prescribed in the treatment of members by a physician or dentist.

6.04    Members shall not have alcoholic beverages, controlled substances or
contraband on their person or in any police installation or police vehicle except
for legitimate purposes.

6.05    Members shall notify a supervisor, prior to reporting for duty, if the member is
prescribed a controlled substance medication and the member is ingesting the
substance.

## SECTION SEVEN – CARE OF DEPARTMENT EQUIPMENT

7.01    Members of the Department shall not operate any police equipment or vehicle
unless qualified and authorized to do so.

7.02    Members shall operate official vehicles in a careful and prudent manner and shall
conform to Department procedures pertaining to such operation (Official vehicles
include motor vehicles, motorcycles, bicycles, and horses).

7.03    Members shall, before use, examine any Department vehicle or equipment
assigned to them and report unrecorded damage or operational defects to their
supervisor and make necessary reports.

7.04    Members of the Department shall be responsible for the care of Department
property of every description and the prompt reporting of loss, damage, or defect.

7.05    Members assigned to operate police vehicles shall be responsible for the
cleanliness of such vehicles, including interior cleanliness.

Confidential                                                                                              CITY_001486

7.06    Members shall not tamper with or disable any safety devices of any Department owned, leased, or operated vehicles or equipment.

7.07    Members while operating or riding as a passenger in the front seat of, a Department owned, or leased vehicle shall properly wear the seatbelt restraining device.

7.08    Members of the Department shall not use police equipment in the employment of Outside Employment of Police Services Details unless the provisions of the Form 55 Letter of Understanding and Form 668A Acknowledgement by the Secondary Employer are in effect.

## SECTION EIGHT – UNIFORMS AND GROOMING

8.01    Members assigned to the uniform force may wear civilian clothing to and from their duty station.  The uniform hat will be worn only in accordance with Procedure 12.020, Uniforms, Related Equipment, and Personal Grooming.

8.02    A.    Members of the Department shall not wear on their uniforms any insignia of a fraternal organization or any insignia which would prejudice their position or neutrality.  Authorized insignia for service or achievement in the Police Department may be worn.

          B.    Members will not wear any insignia or ornament of any kind upon any part of their uniform or any item of civilian attire, while on duty, unless authorized by the Police Chief.

8.03    Members of the Department shall keep their clothing or uniform in good repair, cleaned and pressed; their shoes, belt and holster shined; and metal parts of their uniform polished and will wear their uniform completely fastened.  Uniformed members shall wear prescribed headgear, in accordance with Procedure 12.020, while outdoors. Members shall maintain a military bearing and an alert attitude and appearance.

8.04    A.    Sworn members shall carry their badge and identification card when carrying their Department approved firearm.  Sworn members in civilian attire while in police installations shall at all times wear their identification card in a visible manner.

          B.    Civilian members of the Department, while in police installations, shall at all times wear their identification card in a visible manner.

Confidential

## SECTION NINE – DISCIPLINARY PROCESS

9.01   The supervisor's portion of the Citizen's Complaint Form shall outline the allegations, identifying principals and witness, and provide information developed as a result of any preliminary investigation.

9.02   A supervisor may initiate a request for disciplinary action or a request for an investigation as a result of personal knowledge or information from another source. In such cases, the request will be routed through the normal chain of command unless such routing would jeopardize the information or investigation. In any such cases, the request may be given directly to any person in the chain of command. Any supervisor can issue a written reprimand subject to review and approval by the affected Office commander.

A.   The following table illustrates the authority attendant to each level of supervision and command relative to disciplinary actions.

| | Corrective Actions | Request Written Reprimand | Issue Written Reprimand | Suspension* | Demotion* | Dismissal* | Withdrawal of Outside Work Privileges |
|---|---|---|---|---|---|---|---|
| Sergeant | X | X | | | | | |
| Lieutenant | X | X | | | | | |
| Captain | X | X | | | | | |
| Assistant Chief | X | X | X | | | | |
| Chief | X | N/A | X | $X^*$ | $X^*$ | $X^*$ | X |

**\* Pending review by City Manager**

9.03   Any member who is the subject of a formal investigation shall be notified of the investigation by the Internal Investigations Section unless such notification would jeopardize and/or hinder the investigation.

9.04   In addition to notifying the member who is the subject of the investigation, the Internal Investigations Section will notify the member's commander and the Department Advocate regarding the investigation.

9.05   A copy of the Citizen Complaint Form shall be routed in accordance with current procedures. A notation in the blotter will be placed, advising the receipt of the complaint, denoting the name of the complaining citizen, and who delivered the complaint to the unit responsible for conducting the internal investigations, unless such notation would hinder the complaint investigation.

A.   All complaints handled through the Citizen Complaint Resolution Process shall be recorded in accordance with current procedures.

Confidential                                                    CITY_001488

9.06    At the direction of the Police Chief, a complaint may be investigated either by the Internal Investigations Section or the alleged violator's unit.

    A.    In any interrogation conducted by the Police Department Internal Investigations Section or similar Police Department unit, an accused member shall have the right to tape record his entire interrogation, including comments prior to and following the actual questioning. The interrogation shall not be unreasonably delayed because of the request for a tape recording.

    B.    Upon completion of the investigation, the investigating officer will prepare a report detailing his/her findings. The report will include recommendations for the type of closure and action, if any, to be initiated. It will also contain all statements, photographs, and other pertinent materials with a final recommendation to the Police Chief for action and closure.

9.07    The complaint investigation can result in any of the following types of closures:

    A.    SUSTAINED - Where the allegation is supported by sufficient evidence to determine that the incident occurred, and the actions of the officer were improper.

    B.    NOT SUSTAINED - Where there are insufficient facts to decide whether the alleged misconduct occurred.

    C.    EXONERATED - Where a preponderance of the evidence shows that the alleged conduct did occur but did not violate policies, procedures, or training.

    D.    UNFOUNDED - Where the investigation determined no facts to support that the incident complained of actually occurred.

    E.    SUSTAINED-OTHER - Sustaining of violation or misconduct other than the allegation of the original complaint.

9.08    The Internal Investigations Section will notify the member and his commander of the disposition of the complaint within five (5) days of the date the complaint is closed.

9.09    The prime objective of a Disciplinary Hearing is to afford administrative justice. It is an administrative process and is governed by administrative law, which dictates that the primary objective of the hearing is the furtherance of the public interest rather than the neutral arbitration of differences, which is the purpose of a court of law. Legal technicalities will not be permitted to defeat the achievement of this objective.

Confidential

9.10   The Police Chief shall designate Department Hearing Officers. The Hearing Officers will conduct all Disciplinary Hearings held within the Department except when to do so would be in conflict of interest, e.g., close personal friend, officer of equal or superior rank, etc. In such case, the Police Chief will designate a different Hearing Officer or will conduct the hearing himself.

9.11   Under ordinary circumstances, the accused member will be served a copy of Form 36, Charge Sheet, at least five (5) days prior to the hearing date, indicating the charges preferred and a basic statement of the facts causing the charges to be filed.

The location, date, and time of the hearing will be included in the form. The unit responsible for conducting the internal investigations will be responsible for preparing the Form 36 and causing same to be served.

**NOTE**:  In the case of Division I employees, the Union President will also be served with a copy of the Form 36, Charge Sheet.

9.12   It is not necessary to prepare formal charges and conduct a formal hearing if the hearing can be dealt with by issuing a written reprimand.

9.13   The subject of an investigation which results in a Disciplinary Hearing, or his designated representative, shall have the right to obtain a copy of any written or recorded statements the subject has given which are to be used in the Disciplinary Hearing, provided he makes a written request for such a copy prior to the hearing. The officer and/or his representative shall be provided a reasonable time after receiving the statement to review the materials prior to the hearing.

9.14   Any member of the Department who is required to appear at any hearing in his own defense may select another member of any rank, with such member's consent, and/or an attorney to accompany and represent him. However, any person who is required to participate in the hearing in any other capacity is prohibited from participating as the representative of a police officer who is the subject of the disciplinary hearing.

9.15   Any member being the subject of any hearing may have witnesses appear in his behalf. Also, any matters of mitigation may be presented to the Hearing Officer.

9.16   If the accused member desires to waive his right to legal representation and/or to present witnesses, he will be requested to sign a form indicating a waiver of those rights.

9.17   Either the Internal Investigations Section Commander or his designate will act as coordinator for hearings.

9.18   A written or taped record of all hearings conducted within the Police Department will be made and kept on file for ten (10) years. The record will be stored at the office of the Internal Investigations Section.

Confidential

9.19   A prepared statement will be read concerning the authority and purpose of conducting the hearing.

9.20   The Charge Sheet with specifications against the accused will be read into the record.

9.21   The Hearing Officer will be permitted to question any witnesses and to call or recall any witnesses, as he may deem necessary.

9.22   The Hearing Officer will arrive at a decision to sustain or not sustain the charges and will notify the subject of the hearing when that decision is reached.

9.23   The recommendation, exclusive to the Hearing Officer and pending final approval, will not be disclosed to the officer who is being disciplined unless the recommendation is for dismissal. It shall be explained to the officer by the Hearing Officer that the recommendation may be amended in the review process, with final approval by the City Manager. The officer may have a representative or attorney present for this disclosure.

9.24   If the Hearing Officer determines that the charges are not sustained, no further action will be taken subject to review and approval by the Police Chief. This does not preclude counseling and/or training of a non-punitive nature.

9.25   The Hearing Officer will cause a report of the results of the hearing to be made in writing. The report must contain the following:

   A.   Time and date of the hearing.

   B.   Location of the hearing.

   C.   A list of those present at the hearing, including the identity of the person representing the employee.

   D.   The charges against the employee.

   E.   If the employee is not represented, a statement from the employee acknowledging his waiver of representation.

   F.   A statement from the supervisor documenting the charges.

   G.   A statement from the employee, should he wish to make a statement, concerning the charges.

   H.   The resolution of the charges and recommendation.

9.26   If the Hearing Officer sustains the charge(s), he will recommend either corrective measures or disciplinary action to the Police Chief. Recommendations may include:

Confidential

A.    Corrective Measures:

    1.    Referral to Public Employees Assistance Program (PEAP)

    2.    Oral Reprimand (documented via ESL)

    3.    Administrative Insight process

    4.    Training

B.    Disciplinary Actions:

    1.*    Written Reprimand

    2.    Suspension

    3.    Demotion

    4.    Dismissal

    5.    Withdrawal of outside employment privileges when the outside employment is the subject matter of the disciplinary proceeding or action

*A copy of any written reprimand that is issued to a Division 1 employee must be given to the union steward who represents the employee.*

C.    Any combination of Section A., and/or one from Section B.

9.27    The Internal Investigations Section will ensure the execution of the necessary documents and serve them on the member and also, when required, upon the union steward.

9.28    The Internal Investigations Section will ensure that the disciplinary documents are served on the member and will advise the member's unit commander and the Department Advocate of the sanction imposed. The member's unit commander will advise the Internal Investigations Section at the time the stipulated penalty has been completed whereupon the Internal Investigations Section will so notify the Police Chief.

9.29    The Police Chief may suspend an officer, without pay, pending review by the City Manager, based on the severity of the infraction, safety of the public, or potential for jeopardizing the reputation or objectives of the Police Department.

9.30    If the member is suspended, without pay, the City Manager shall review the cause of that suspension within five (5) calendar days of suspension.

Confidential

## SECTION TEN – APPEAL

10.01 Any member of the Department may appeal disciplinary action in accordance with Personnel Policies and Procedures of the Department of Personnel. All forms of disciplinary actions which are not acceptable to the Civil Service Commission or the courts, except written and oral reprimands shall be subject to review through Steps 3, 4, 5 and 6 of the grievance procedure.

10.02 The notice of appeal must be in writing and filed not later than ten (10) days after the order of disciplinary action has been filed by the appointing authority with the Civil Service Commission, in accordance with Civil Service Commission Policies and Procedure and State law. Upon receipt of such an appeal, the Commission shall hear such appeal within thirty (30) days after the time-stamped date of receipt of the written appeal.

## SECTION ELEVEN – TEMPORARY RELIEF FROM DUTY

11.01 A supervisor may, for a period not to exceed the member's regular or remaining tour of duty, temporarily relieve from duty a member under his or her supervision on the grounds that the member is unfit for duty. "Unfit for duty" may include any physical or mental condition which might, in the judgment of the supervisor, render the member incapable of adequately performing duties; or performing them in such a way as to embarrass or discredit the Department, or jeopardize the safety of any person or property. The supervisor shall immediately notify the affected member's commander. During the night season, the ranking command officer on duty will also be notified. The member will be carried on the personnel report as "Sick with Pay".

11.02 A member can also be relieved of duty because of misconduct. The supervisor in charge will relieve the employee of duty and immediately notify the employee's unit commander. The supervisor when relieving the employee of duty will:

    A.    Inform the employee of the charge.

    B.    Give the employee notice of the factual basis for the charge.

    C.    Give the employee an opportunity to explain to the supervisor why he should not relieve him of duty. Request the employee submit a Form 17 stating all pertinent information about the incident.

    D.    Direct the employee to report to the Police Chief's Office at 0900 hours. The Police Chief, or his designate, will determine whether to suspend the employee without pay or return the employee to duty.

    E.    Ensure the employee is safely removed.

11.03 In either of the above, if circumstances warrant, the member will be relieved of his official identification, badge, wreath, Department firearm, ammunition, and TASER (CEW).

Confidential

## SECTION TWELVE – SUSPENSION

12.01  Officer suspension of more than five (5) days will require that the officer immediately be relieved of gun, badge, wreath, identification card, ammunition, and TASER (CEW).  A receipt will be issued to the officer for the items held.  If the suspension is for five (5) days or less, the officer's equipment need not be surrendered.  Rather, the officer will be notified of the suspension dates, with admonishment that the police powers are suspended and the carrying of or use of the police equipment is prohibited.

## SECTION THIRTEEN – DISMISSAL

13.01  In accordance with Civil Service Rules and State Law, any member may be dismissed from the Department when proven guilty of any of the following:

- Incompetency
- Inefficiency
- Dishonesty
- Substance Abuse
- Insubordination
- Immoral Conduct
- Neglect of Duty
- Failure of Good Behavior
- Discourteous Treatment of the Public
- Violation of Civil Service Law
- Violation of Rules and Regulations of the Civil Service Commission

## SECTION FOURTEEN – PROBATIONERY PERSONNEL

14.01  A probationary employee may be removed or demoted, in accordance with current Civil Service Rules and the Personnel Policies and Procedures of the Department of Personnel.

## SECTION FIFTEEN – DISCIPLINARY TABLE

A    Any Corrective Measure Outline in Rule 9.26, Section A.

B    Written Reprimand

C    Hearing (1-5 days suspension)

D    Hearing (5-7 days suspension)

E    Hearing (7-11 days suspension)

Revised 01/06/23, Replaces 05/13/21

24

CITY_001494

F    Hearing (11 days suspension or more, demotion, or dismissal)

G    Hearing (dismissal)

H    Hearing (suspension without pay)

<u>All time lengths for repeated conduct are based on a 36-month period unless otherwise stated.</u>

| **Section One - Failure of Good Behavior** | **1st** | **2nd** | **3rd** | **4th** |
|---|:---:|:---:|:---:|:---:|
| 1.01a | A | A | B | C |
| 1.01b | A | B | C | D |
| 1.01c | B | C | D | E |
| 1.01d | C | D | E | F |
| 1.01e | D | E | F | G |
| 1.01f | E | F | G | |
| 1.01g | F | G | | |
| 1.02a (three years) | A/B | B | C | D |
| 1.02b (three years) 3rd/4th degree | C | D | F | G |
| 1.02b (three years) 1st/2nd degree | D | E | F | G |
| 1.02b (three years) theft offense per 2913.01 ORC | F | G | | |
| 1.02c (three years) felony | F | G | | |
| 1.02c felony-violation of 124.34 ORC | G | | | |
| 1.02d felony traffic/criminal law indictment | H | | | |
| 1.03 | B | C | D | F |
| 1.04 | A | A/B | B | C |
| 1.05 (negligent circumstances) | A | B | C | D |
| 1.05 (intentional circumstances) | D | F | G | |
| 1.06a | A | A | B | C |
| 1.06b | A | B | C | D |
| 1.06c | C | D | E | F |
| 1.06d | G | | | |
| 1.06e (If not severe or pervasive) | B | G | | |
| 1.06e (If hostile work environment, minimum 40 hr. suspension) | D | G | | |
| 1.06e (If Quid Pro Quo) | G | | | |
| 1.07 | B | F | G | |
| 1.08 | B | D | F | G |
| 1.09 | A | B | C | D |

Revised 01/06/23, Replaces 05/13/21

Confidential

CITY_001495

## Section One - Continued

| | 1st | 2nd | 3rd | 4th |
|---|---|---|---|---|
| 1.10a | A | B | C | D |
| 1.10b | B | C | D | F |
| 1.10c | B | D | F | G |
| 1.10d | B | D | F | G |
| 1.11 | A | B | C | D |
| 1.12 | A | B | C | D |
| 1.13 | B | C | D | F |
| 1.13a | F | G | | |
| 1.14 | B | C | D | F |
| 1.15a | A | B | C | D |
| 1.15b | B | C | D | F |
| 1.16a | B | D | F | G |
| 1.16b | B | C | D | F |
| 1.16c | B | C | D | F |
| 1.16d | A | B | C | D |
| 1.17a | C | D | F | G |
| 1.17b | B | C | D | F |
| 1.18 | A | B | C | D |
| 1.19 | E | F | G | |
| 1.20a | A | A | B | C |
| 1.20b | A | A | B | C |
| 1.21a | B | C | D | F |
| 1.21b | B | C | D | F |
| 1.22a (verbal abuse) | A | B | C | D |
| 1.22b (physical abuse) | C | D | F | G |
| 1.23a | E | F | G | |
| 1.23b | E | F | G | |
| 1.23c | D | E | G | |
| 1.24 | C | D | F | G |
| 1.25a | B | C | D | F |
| 1.25b | A | B | C | D |
| 1.25c | A | B | C | D |
| 1.26 | A | A | B | C |
| 1.27 | A | A | B | C |
| 1.28 | B | C | D | F |
| 1.29 | A/B | B | C | D |
| 1.30 | C | D | F | G |
| 1.31 | B | C | D | F |
| 1.32 | C | D | F | G |
| 1.33 | A | B | C | D |
| 1.34 (negligent circumstances) | B | C | D | E |
| 1.34 (intentional circumstances) | E | F | G | |

Confidential

CITY_001496

| **Section Two - Neglect of Duty** | **1st** | **2nd** | **3rd** | **4th** |
|---|---|---|---|---|
| 2.01 | A | B | C | D |
| 2.02 | A | B | C | D |
| 2.03a | A | B | C | D |
| 2.03b | C | D | E | F |
| 2.04 | A/B | B | C | D |
| 2.05 | A | B | C | D |
| 2.06 | A | B | C | D |
| 2.07 | B | C | D | F |
| 2.08 | A/B | B | C | D |
| 2.09 | A/B | B | C | D |
| 2.10 | A/B | B | C | D |
| 2.11 | A/B | B | C | D |
| 2.12 | B | C | D | F |
| 2.13 | B | C | D | F |
| 2.14 | A/B | B | C | D |
| 2.15 | A/B | B | C | D |
| 2.16 | A/B | B | C | D |
| 2.17 | A/B | B | C | D |
| 2.18 (one year) | A | A | B | C |
| 2.26a | F | G | | |
| 2.26b | F | G | | |

| **Section Three - Attendance** | **1st** | **2nd** | **3rd** | **4th** |
|---|---|---|---|---|
| 3.01a | A | A/B | B | C |
| 3.01b | A | A/B | B | C |
| 3.01c | A | A/B | B | C |
| 3.01d | A | A/B | B | C |
| 3.01e | A | A/B | B | C |
| 3.02 | B | C | D | F |
| 3.03 | A/B | B | C | D |
| 3.04a (one year) | A | A | B | C |
| 3.04b (one year) | A | A | B | C |

| **Section Four - Insubordination** | **1st** | **2nd** | **3rd** | **4th** |
|---|---|---|---|---|
| 4.01 (non-serious) | A/B | B | C | D |
| 4.01 (serious) | C | D | F | G |
| 4.02 | A | B | C | D |
| 4.03 | A/B | B | C | D |
| 4.04 | A | A | B | C |
| 4.05 | F | G | | |
| 4.06 | F | G | | |

Confidential

| **Section Five - Dishonesty** | **1st** | **2nd** | **3rd** | **4th** |
|---|---|---|---|---|
| 5.01 | F | G | | |
| 5.02 | B | C | D | F |

| **Section Six -Substance Abuse** | **1st** | **2nd** | **3rd** | **4th** |
|---|---|---|---|---|
| 6.01 | per | Admin. | Regulation | No. 52 |
| 6.02a | F | G | | |
| 6.02b | D | F | G | |
| 6.03 | B | C | F | G |
| 6.04 | B | C | D | F |
| 6.05 | B | C | F | G |

| **Section Seven - Care of Department Equipment** | **1st** | **2nd** | **3rd** | **4th** |
|---|---|---|---|---|
| 7.01 | A/B | B | C | D |
| 7.02 (category 1 accidents) | per | current | guidelines | |
| 7.02 (category 2 accidents) | per | current | guidelines | |
| 7.03 | A | A/B | B | C |
| 7.04 | A | B | C | D |
| 7.05 | A | A/B | B | C |
| 7.06 | B | C | D | E |
| 7.07 | B | C | D | E |
| 7.08 | A | B | C | D |

| **Section Eight - Uniforms and Grooming** | **1st** | **2nd** | **3rd** | **4th** |
|---|---|---|---|---|
| 8.01 | A | A/B | B | C |
| 8.02a | A | A/B | B | C |
| 8.02b | A | A/B | B | C |
| 8.03 | A | A/B | B | C |
| 8.04a | A | A/B | B | C |
| 8.04b | A | A/B | B | C |

Confidential

CITY_001498

## SECTION SIXTEEN – INDEX

**A**

| | |
|---|---|
| Absence from duty | 3.01, 3.02 |
| from trial or hearing | 3.04 |
| Activation of Body Worn Camera (BWC) system, failure of | 2.18 |
| Advertisement, use of name in | 1.11 |
| Affiliation with organizations | 1.19 |
| Alcoholic beverages, appearing for duty | 6.01 |
| consumption in uniform | 6.01 |
| possession of | 6.04 |
| under the influence of | 6.01 |
| Appeals | 10.01, 10.02 |
| Appearance personal | 3.01, 8.03 |
| Arrests, illegal | 1.21 |
| reporting of | 2.17 |
| Association, social or personal while on duty | 2.11 |
| Availability for service | 2.08, 2.09 |

**B**

| | |
|---|---|
| Badge, to be carried | 8.04 |
| use of | 1.13, 1.30 |
| Body Worn Camera (BWC) system, failure to activate | 2.18 |
| Business, attempting to influence | 1.14 |

**C**

| | |
|---|---|
| Case preparation | 2.04 |
| Cases, interfering with | 1.16 |
| Charge Sheet, serving on member | 9.11 |
| Chewing gum | 1.20 |
| Citizen complaints, processing of | 9.05 |
| Receiving | 2.13, 2.15 |
| Citizen Complaint Resolution | 9.05A |
| Civilian attire | 3.01 |
| clothing to and from duty station | 8.01 |
| Civilians, wearing of identification card | 8.04 |
| Cleanliness of clothing | 8.03 |
| police vehicles | 7.05 |
| Closure of complaints, types of | 9.07 |
| Clothing, condition of | 8.03 |
| Code of Ethics. | 0.50 |
| Complaints, handling of | 2.02 |
| Confidentiality of official business | 1.08 |
| Complaint Resolution | 9.05A |
| Conflicting Orders | 4.01A, B |
| Congregating by members | 2.08 |
| Contraband | 6.04 |

Confidential

CITY_001499

Controlled substances
    possession of                               6.03
    under the influence of                6.02
Court, absence from                       3.04A, B
Courtesy, dealing with public, subordinates, superiors
    and associates                      1.06A, 2.02
Covert (undercover) officer, recognition     1.05
Credentials, improper use of             1.13
    use by another                      1.30
Crime conditions, reporting of            2.10
Criminal contents, divulging contents     1.07
Criminal justice information systems, misuse of     1.34
Criminal or emergency situations         2.07
Criminals, association with              1.59


## D

Damage to equipment, reporting          7.03
Disagreements involving members         1.04
Discipline                                 9.00
    Appeals                           10.01, 10.02
    Charge Sheet, serving on member     9.11
    citizen complaints, processing of     9.05
        receiving                      2.13, 2.15
    closure of complaints, types of       9.07
    dismissal                         13.01
    General Precepts of Hearings         9.09
    Hearing Officer, Police Chief will determine     9.10
    Hearings                        9.10
    investigation of complaints          9.01, 9.06
    notifying member of complaint and disposition     9.03, 9.08
    objectives of hearings            9.09
    penalties, notification and service of     9.22, 9.23, 9.24, 9.26
        types of                    9.26
    preparing citizen complaints         2.16, 9.01
    probationary personnel            14.01
    record of hearings, to be kept       9.18
    relief from duty, temporary        11.01, 11.02, 11.03
    representation at hearings          9.14
    summary of hearing             9.25, 9.26
    supervisor initiating request for disciplinary action     9.02
    suspension pending City Manager hearing     9.29, 9.30
    testimony at hearing, member required to answer     2.26
    waiver of rights at hearings        9.16
    witnesses at hearings            9.15
Dismissal                            13.01
Department representation, without approval     1.10
Drinking, while on duty               6.01
Drug testing                      4.06
Duty, absence from                  3.02

reporting for and terminating                               3.01, 3.03

**E**

Emergencies, responding to                                  2.07
Entertainment, while on duty                                2.05
Equal rank, senior officer in charge                        4.02
Equipment, authority to operate                             7.01
    careful use of                      7.02
    personal use of                     1.31
Ethics, Code of                                             0.50

**F**

Felony traffic/criminal law indictment                      1.02
Financial Obligations                                       1.33
Firearms, careless use of                                   1.25
    carrying of                         8.04
    drawing or displaying of            1.25
    use of                              1.24
Force, use of                                               1.23

**G**

General Precepts of Hearings                                9.09
Government, influencing officials of                        1.32
Gratuities, solicit                                         1.15

**H**

Hearing, absence from                                       3.04
Hearing Officer, Police Chief will determine                9.14
Hearings, types of                                          9.10

**I**

Identification, improper use of                             1.13
Identification card, civilians wearing of                   8.04
    to be carried                       8.04
Illegal searches and seizures                               1.21
Influence, Use of                                           1.32
Insignia, wearing of on uniform                             8.02
Interfering with, lawful business                           1.14
Interior cleanliness, vehicles                              7.05
Investigation of complaints                                 9.01, 9.06
    off duty                            1.16
    interfering with                    1.16
    required to answer                  4.05

**J**

Job specifications, responsibility and authority to         1.03

Confidential                                                CITY_001501

**L**

| | |
|---|---|
| Laws and ordinances, obedience to | 1.02 |
| Loitering | 2.08 |

**M**

| | |
|---|---|
| Mistreatment of persons, verbally and physically | 1.22 |

**N**

| | |
|---|---|
| Neglect of duty | 2.05 |
| Notifying member of complaint and disposition | 9.03, 9.08 |
| member's commander of complaint | 9.04 |

**O**

| | |
|---|---|
| Obedience to laws and ordinances | 1.02 |
| Objectives of hearings | 9.09 |
| Official business, confidentiality | 1.08 |
| Official position, use of | 1.13, 1.32 |
| Operation of police vehicles | 7.02 |
| Orders of superior officers, obedience to | 4.01 |
| Organization structure, official business through channels | 4.03 |
| Outside employment | 1.12 |

**P**

| | |
|---|---|
| Penalties, notification and service of | 9.22, 9.23 |
| types of | 9.26 |
| Personal appearance | 3.01, 8.03 |
| use of equipment | 1.30 |
| Personal gain, use of influence | 1.32 |
| Persons in police buildings | 1.29 |
| Physical fitness | 3.01 |
| Plainclothes officer, recognition of | 1.05 |
| Police installations, smoking in | 1.20 |
| Police vehicles, smoking in | 1.20 |
| Prejudice, will not express | 1.06B |
| Preparing citizen complaints | 2.16, 9.01 |
| Prescribed medicine | 6.03, 6.05 |
| Probationary personnel | 14.01 |
| Professional or commercial service, recommending | 1.09 |
| Political matters, participation in | 1.18 |
| Property, reporting loss or damage to | 7.04 |
| Property personal, responsibility for | 2.12 |

Confidential

CITY_001502

## R

| | |
|---|---|
| Radio calls, responding to | 2.09 |
| Radio conduct | 1.26 |
| Radios, unauthorized | 1.27 |
| Recognition of plainclothes officer | 1.05 |
| Recommend, professional or commercial service | 1.09 |
| Record of hearing to be kept | 9.18 |
| Records (criminal), divulging contents | 1.07 |
| Relief from duty, temporary | 11.01, 11.02, 11.03 |
| Reporting for duty | 3.01, 3.03 |
| loss or damage to Department property | 7.04 |
| of vehicle damage | 7.03 |
| Reports, removal without authority | 5.02 |
| submitted on time | 5.01 |
| submitted truthful and complete | 5.01 |
| Representation at hearings | 9.14 |
| Representing, Police Department | 1.10 |
| Residence, informing supervisor of current | 2.01 |
| Rules, violation of | 1.01 |

## S

| | |
|---|---|
| Searches and seizures, illegal | 1.21 |
| Senior officer, in charge | 4.02 |
| Service, availability for | 2.09 |
| Sexual Harassment (Verbal) | 1.06 |
| Sleeping on duty | 2.06 |
| Smoking, in police installations | 1.20 |
| in police vehicles | 1.20 |
| uniform or civilian clothing | 1.20 |
| Societies, membership in | 1.19 |
| Solicit, gratuities | 1.15 |
| Statements, improper | 1.10 |
| Summary of hearing | 9.25, 9.26 |
| Supervisor, initiating request for disciplinary action | 9.02 |
| Supervisors, use of correct title | 4.04 |
| Suspension pending City Manager hearing | 9.29, 9.30 |

## T

| | |
|---|---|
| Telephone number, informing supervisor of current | 2.01 |
| Terminating tour of duty | 3.03 |
| Testimony at hearing, member required to answer | 2.26 |
| Titles, addressing supervisors | 4.04 |
| Trial, absence from | 3.04 |
| preparation for | 2.04 |
| Tobacco, chewing of | 1.20 |

Confidential

CITY_001503

## U

Unauthorized persons in building or vehicle ... 1.29
Unauthorized radio ... 1.27
Under influence of alcoholic beverage or controlled substance ... 6.02
Undercover officer, recognition of ... 1.05
Unethical practices ... 1.17
Uniform, condition of ... 8.03
    hat, wearing of ... 8.01, 8.03
    insignia, wearing of ... 8.02
    wearing parts of ... 8.01
Use of badge for personal gain ... 1.13
    force ... 1.23
    name in testimonial or advertisement ... 1.11

## V

Vehicles, careful use of ... 7.02
    cleanliness of ... 7.05
    inspection of ... 7.03
    use for details ... 7.08
Violation of Department rules ... 1.01
Visiting questionable places ... 1.28

## W

Waiver of rights at hearings ... 9.16
Weapons, careless use of ... 1.25
    drawing or displaying of ... 1.25
    use of ... 1.24
Witnesses at hearings ... 9.15
Work rules of assignment ... 1.03

Confidential     CITY_001504